Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination



# UNITED STATES DISTRICT COURT

for the

Eastern District of California

Sacramento Division

MAY 1 1 2018

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

|  |  |
|---|---|
| Silveria, Anthony J "PRO SE" | ) ) ) ) |
| *Plaintiff(s)*<br>*(Write the full name of each plaintiff who is filing this complaint.*<br>*If the names of all the plaintiffs cannot fit in the space above,*<br>*please write "see attached" in the space and attach an additional*<br>*page with the full list of names.)* | ) ) ) ) ) |
| **-v-** | ) ) ) |
| Wilkie, Robert, Acting Secretary, US Department of<br>Veteran Affairs, (VBA) Agency | ) ) ) |
| *Defendant(s)*<br>*(Write the full name of each defendant who is being sued. If the*<br>*names of all the defendants cannot fit in the space above, please*<br>*write "see attached" in the space and attach an additional page*<br>*with the full list of names.)* | ) ) ) ) |

Case No.    2:18-CV-00412-TLN-KJN

*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)* ☒ Yes ☐ No

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

### I.   The Parties to This Complaint

#### A.   The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Anthony J Silveria |
| Street Address | 7542 Chipmunk Way |
| City and County | Citrus Heights |
| State and Zip Code | CA 95610 |
| Telephone Number | 510-828-3251 |
| E-mail Address | ajsilveria@gmail.com |

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

## B.  The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Robert Wilkie |
| Job or Title *(if known)* | Acting Secretary, United States Department of Veteran Affairs |
| Street Address | 810 Vermont Ave NW |
| City and County | Washington, County of Washington |
| State and Zip Code | District of Columbia, 20420 |
| Telephone Number | 1-800-273-8255, 202-273-4816 |
| E-mail Address *(if known)* | robert.wilkie@va.gov |

Defendant No. 2

| | |
|---|---|
| Name | Dennis Uldricks |
| Job or Title *(if known)* | Manager/Coach |
| Street Address | 1301 Clay Street, 15th floor North Tower |
| City and County | Oakland, Alameda County |
| State and Zip Code | California 94612 |
| Telephone Number | 510-637-6301 |
| E-mail Address *(if known)* | dennis.uldricks@va.gov |

Defendant No. 3

| | |
|---|---|
| Name | Michele Kwok |
| Job or Title *(if known)* | Assistant Director of Oakland Regional Benefits Office |
| Street Address | 1301 Clay Street, 17th floor North Tower |
| City and County | Oakland, Alameda County |
| State and Zip Code | California 94612 |
| Telephone Number | 510-637-6100 |
| E-mail Address *(if known)* | michele.kwok@va.gov |

Defendant No. 4

| | |
|---|---|
| Name | Mary Markey |
| Job or Title *(if known)* | Veterans Service Center Manager |
| Street Address | 1301 Clay Street 17th floor, North Tower |
| City and County | Oakland, Alameda County |
| State and Zip Code | California 94612 |

| Telephone Number | 510-637-6100 |
|---|---|
| E-mail Address *(if known)* | mary.markey@va.gov |

## C.    Place of Employment

The address at which I sought employment or was employed by the defendant(s) is

| Name | Veterans Benefits Administration, US Dept. of VA, Oakland RO |
|---|---|
| Street Address | 1301 Clay Street, 14 North, 15 North, 17 North |
| City and County | Oakland, County of Alameda |
| State and Zip Code | California 94612 |
| Telephone Number | 1-800-827-1000 |

## II.    Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☐ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☒ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☒ Other federal law *(specify the federal law)*:

Please see attached facts of case as submitted to EEOC OFO, prior to their incomplete decision

☐ Relevant state law *(specify, if known)*:

☐ Relevant city or county law *(specify, if known)*:

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

## III.   Statement of Claim  — PLEASE SEE ATTACHED.

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.   The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

☐   Failure to hire me.

☒   Termination of my employment. 6/24/14

☒   Failure to promote me.   1/14/14

☒   Failure to accommodate my disability. 12/13 – REMOVAL (later)

☒   Unequal terms and conditions of my employment. 2012 · 2014

☒   Retaliation.  8/2012 – present day

☒   Other acts *(specify)*:   Denial of employment and Vocational Rehabillatation

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

☒   PLEASE SEE ATTACHED – includes   14 day susp. 1/14 – 2/14

B.   It is my best recollection that the alleged discriminatory acts occurred on date(s)

Please see above and attached for dates.

C.   I believe that defendant(s) *(check one)*:

☒   is/are still committing these acts against me.

☐   is/are not still committing these acts against me.

D.   Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

☐   race

☐   color

☐   gender/sex

☐   religion

☐   national origin

☐   age *(year of birth)*                    *(only when asserting a claim of age discrimination.)*

☒   disability or perceived disability *(specify disability)*

> 100% permanent and totally disabled per VA doctors,
> CFR, and USC for: Mental Health issues, multiple
> back and head injuries, migraine headaches, psoriasis,
> psoriatic arthritis, ulcers, bilateral shoulder surgery,
> ankle reconstruction, hand and wrist surgery, eye sight
> loss, hearing issues, and more.

E.       The facts of my case are as follows. Attach additional pages if needed.

         Please see attached submission to EEOC prior to their 01/24/18 decision.

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of
your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the
relevant state or city human rights division.)*

## IV.   Exhaustion of Federal Administrative Remedies

A.       It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or
         my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct
         on *(date)*

         Multiple 2012-2014 4 cases at the moment. Please see attached with list of claims and case numbers.

B.       The Equal Employment Opportunity Commission *(check one)*:

         ☐       has not issued a Notice of Right to Sue letter.

         ☒       issued a Notice of Right to Sue letter, which I received on *(date)*      1/29/2018        .

                 *(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment
                 Opportunity Commission to this complaint.)*

C.       Only litigants alleging age discrimination must answer this question.

         Since filing my charge of age discrimination with the Equal Employment Opportunity Commission
         regarding the defendant's alleged discriminatory conduct *(check one)*:

         ☐       60 days or more have elapsed.

         ☐       less than 60 days have elapsed.

## V.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Please see attached global settlement agreement. This was offered to the VA 2 years ago and declined by the agency. Refer to the EEOC SF Regional Office.

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:        5/11/2018

Signature of Plaintiff

Printed Name of Plaintiff        Anthony J. Silveria, PRO SE

### B.    For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address

February 23, 2018

Statement of Claim

I was hired by the Department of Veterans Affairs for my service connected disabilities under the Vocational Rehabilitation program for Veterans in 2008. I was an exceptional employee, just like I was an exceptional Marine. In 2012, I reported discrimination based on disability to VA OIG, EEOC, GAO and Congress. I was a victim of retaliation within 30 days of my reports. As my disabilities got worse the VA management at the Oakland RO ordered me back to work, when I could not return they charged me AWOL. Every doctor appointment with VA doctors I was charged AWOL. Every time I was sick I was charged AWOL. Every psychologist appointment, I was charged AWOL. The VA doctors and psychologists provided the VA with several medical certifications and asked the managers to contact them if they had any questions, but the managers deemed all my medical documents insufficient. My WIGI was denied without notification and with pending reasonable accommodations, while I was out on proposed removal for being sick and pulled from work by my VA doctor. Less than two weeks after my letter was read on the house floor by Congressman LaMalfa, I was removed by voicemail, charged AWOL for being sick, and never allowed the reasonable accommodations that were pending from December 2013 through my removal. My ergonomics evaluation was in April 2014, I was removed less than two months later. I have been a victim of repeated retaliation, discrimination based on my disabilities, and never allowed the reasonable accommodations for the disabilities that the same VA managers hired me for from 2012 up to my removal. They knew about my disabilities and knew I needed reasonable accommodations from the previous accommodations I needed from the start of my employment with the VA in 2008. I have not been allowed unemployment or another job as a result of the misconduct coding for my removal. They VA has also blocked my vocational rehabilitation requests for three years.

Semper Fidelis,

Anthony J. Silveria

February 23, 2018

Please allow the following documents in support of my complaint for employment discrimination and as required by the US District Court:

1. US EEOC decision dated January 24, 2018, 4 pages.
2. Anthony Silveria submission to the EEOC dated October 1, 2017, 13 pages.
3. 2016, suggested global settlement agreement dated June 21, 2016, 7 pages.
4. 100% disabled letter from the VA dated August 09, 2013, 1 page.
5. Proof of reasonable accommodations pending from December 2013 through May 2014, not provided before taking WIGI, before charging AWOL hundreds of times, and before removal, never provided, 7 pages.
6. Request to have another doctor of the VA's choosing to substantiate medical documentation and certifications from the VA doctors dated April 24, 2014, 1 page.
7. Letter to Congressman LaMalfa that was read on the House floor less than two weeks before I was removed dated May 20, 2014, 2 pages.

This is not for discovery, rather documents required by the court for proof of disabilities and claims before the EEOC, per the PRO SE instructions provided.

Semper Fidelis,

Anthony J Silveria



U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Office of Federal Operations
P.O. Box 77960
Washington, DC 20013

Anthony J. Silveria, a/k/a
Eldon P.,[1]
Petitioner,

v.

Dr. David J. Shulkin,
Secretary,
Department of Veterans Affairs
(Veterans Benefits Administration),
Agency.

Petition No. 0320180004
MSPB No. SF-0752-15-0749-I-1

## DECISION

On October 3, 2017, Petitioner filed a timely petition with the Equal Employment Opportunity Commission (the Commission) for review of the Final Order of the Merit Systems Protection Board (MSPB or Board) issued August 1, 2017, concerning his claim that the Agency discriminated against him on the bases of disability (mental), and reprisal when he was removed from his position on June 29, 2014. A MSPB Administrative Judge (MSPB AJ), in an initial decision, found that the Agency had not engaged in discrimination as alleged by Petitioner and affirmed his removal.[2] The instant petition for review is from that initial decision. We CONCUR with the MSPB's ultimate determination that Petitioner did not establish that the Agency discriminated against him as alleged.

EEOC Regulations provide that the Commission has jurisdiction over mixed case appeals on which the MSPB has issued a decision that makes determinations on allegations of discrimination.

---

[1] This case has been randomly assigned a pseudonym which will replace Petitioner's name when the decision is published to non-parties and the Commission's website.

[2] In finding no reprisal discrimination, the MSPB AJ relied upon the MSPB's decision in Savage v. Department of the Army, 122 M.S.P.R. 612 (2015). In Savage, the MSPB, among other things, determined that the analytical framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802–04 (1973), was not applicable to its proceedings. Savage, 122 M.S.P.R. at 637. In rejecting the McDonnell Douglas framework, the MSPB maintained that the MSPB's authority to adjudicate and remedy alleged violations of 42 U.S.C. § 2000e-16 is a matter of civil service law. Id.

29 C.F.R. § 1614.303 et seq. The Commission must determine whether the decision of the MSPB with respect to the allegation of discrimination constitutes an incorrect interpretation of any applicable law, rule, regulation or policy directive, or is not supported by the evidence in the record as a whole. 29 C.F.R. § 1614.305(c).

Based upon a thorough review of the record, including Petitioner's statement on appeal, we find that the MSPB AJ erred by not applying the McDonnell Douglas analysis in deciding Petitioner's disparate treatment claim of reprisal discrimination when the Agency removed him; we, however, analyzed this case according to the McDonnell Douglas paradigm and found that the MSPB AJ correctly determined that Petitioner did not establish that the Agency discriminated against him in reprisal for engaging in prior EEO activity. We also find that the MSPB AJ correctly found that Petitioner did not establish that he was subjected to disability discrimination. Consequently, we CONCUR with the final order of the MSPB finding no unlawful discrimination. We conclude that the evidence in the record as a whole supports the MSPB's finding that Petitioner did not establish the affirmative defense of unlawful discrimination.

## PETITIONER'S RIGHT TO FILE A CIVIL ACTION (W0610)

This decision of the Commission is final, and there is no further right of administrative appeal from the Commission's decision. You have the right to file a civil action in an appropriate United States District Court, based on the decision of the Merit Systems Protection Board, within thirty (30) calendar days of the date that you receive this decision. If you file a civil action, you . must name as the defendant in the complaint the person who is the official Agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work.

## RIGHT TO REQUEST COUNSEL (Z0815)

If you want to file a civil action but cannot pay the fees, costs, or security to do so, you may request permission from the court to proceed with the civil action without paying these fees or costs. Similarly, if you cannot afford an attorney to represent you in the civil action, you may request the court to appoint an attorney for you. You must submit the requests for waiver of court costs or appointment of an attorney directly to the court, not the Commission. The court

3                                    0320180004

has the sole discretion to grant or deny these types of requests. Such requests do not alter the time limits for filing a civil action (please read the paragraph titled Complainant's Right to File a Civil Action for the specific time limits).

FOR THE COMMISSION:

Carlton M. Hadden, Director
Office of Federal Operations

**JAN 2 4 2018**

Date

4                                    0320180004

## CERTIFICATE OF MAILING

For timeliness purposes, the Commission will presume that this decision was received within
five (5) calendar days after it was mailed.  I certify that this decision was mailed to the following
recipients on the date below:

Anthony J. Silveria
7542 Chipmunk Way
Citrus Heights, CA  95610

Doris L. Gruntmeir
Chief Counsel, Personnel Law Group
Office of General Counsel
810 Vermont Ave., N.W.
Washington, DC 20420

Harvey Johnson, Deputy Assistant Secretary, Resolution Management
Office of Resolution Management (08D)
Department of Veterans Affairs
810 Vermont Ave., NW
Washington, DC  20420

William D. Spencer
Clerk of the Board
Merit Systems Protection Board
1615 M Street, NW
Washington, DC 20419



  **JAN 2 4 2018**
_____
Date


Compliance and Control Division

*MPLS ? Copy ? Support ? mm*
*- Attorney w/ Support*

October 1, 2017

From: Anthony Silveria, 7542 Chipmunk Way, Citrus Heights, CA 95610, 510 828 3251, ajsilveria@gmail.com.

To: Director, Office of Federal Operations, Equal Employment Opportunity Commission, 131 M Street, NE, Suite 5SW12G, Washington, DC 20507. Fax # -

CC: Robert McDonald (or current David J. Shulkin), Secretary, US Department of Veterans Affairs (Veterans Benefits Administration), Agency, 810 Vermont Avenue, NW Washington DC 20420. (Attention: Doris Gruntmeir and Harvey Johnson)

Subject: I. Request for administrative review by the EEOC of MSPB Final Decision regarding Docket Number SF-0752-15-0749-I-1, dated September 5, 2017.
II. Status of request for consolidation of discrimination claims pending administrative review and reconsideration, before the EEOC OFO.
III. Status of requested response regarding identity protection.

Director of the Office of Federal Operation for the EEOC,

I. Please allow my request for administrative review, per the MSPB appeal rights provided to me in the MSPB initial decision dated August 1, 2017, final decision dated September 5, 2017.

   a. The appeal regarding my removal was part of a mixed claim that is currently before the EEOC SF office pending a hearing, EEOC SF Appeal No. 550-2015-00156X, VA Agency No. 200P03432014101910. The recently denied claim by the MSPB involved my removal from the VA for whistleblowing activity. I was ultimately fired by voicemail, not provided my last check, and not allowed the evidence file. When I submitted my rebuttal and my request for the evidence file I was ignored, by the VA per the evidence on file with the EEOC.

   b. I had pending reasonable accommodations with the VA from December 2013 that were not allowed before they denied my WIGI while out on proposed removal in January 2014, for being sick in November 2013, with VA medical certification provided by a VA doctor. Reasonable accommodations were still pending, unfilled by the VA, at the time of my removal.

   c. I was given a 14-day suspension for the same time out sick in February 2014, per the evidence file. That is when the VA denied my WIGI without any of the required 30-day advanced notifications per the collective bargaining agreement or per 5 CFR Part 432, (i)(A), the agency shall afford the employee 30-days advanced notice and consider medical conditions before taking adverse actions. Per the CFR, and employee is supposed to be provided 30-day ADVANCED notice. I was not.

   d. Per 5 CFR Part 432, the VA Handbook 5011, and every other law, an employee is supposed to be provided reasonable accommodations that do not impose an undue hardship before denying a WIGI or removing someone, but I was not allowed.

An employee is supposed to be allowed time to improve their performance before denying their WIGI, and medical conditions are supposed to be considered, not exacerbated, per the CFR and explained later, but I was not allowed. An employee is supposed to be allowed the adequate training and prove they can make the required performance numbers before any WIGI is denied, but I was not allowed. Per the evidence on file, I requested training more than once but was not allowed.

e. **The exact entry from 5 CFR 432 is: "(iv)**_Consideration of medical conditions._ The agency shall allow an employee who wishes to raise a medical condition which may have contributed to his or her unacceptable performance to furnish medical documentation (as defined in § 339.102 of this chapter of the condition for the agency's consideration. Whenever possible, the employee shall supply this documentation following the agency's notification of unacceptable performance under § 432.104. If the employee offers such documentation after the agency has proposed a reduction in grade or removal, he or she shall supply this information in accordance with § 432.105(a)(4)(ii). In considering documentation submitted in connection with the employee's claim of a medical condition, the agency may require or offer a medical examination in accordance with the criteria and procedures of part 339 of this chapter, and shall be aware of the affirmative obligations of 29 CFR 1613.704. If the employee who raises a medical condition has the requisite years of service under the Civil Service Retirement System or the Federal Employees Retirement System, the agency shall provide information concerning application for disability retirement. As provided at § 831.501(d) of this chapter, an employee's application for disability retirement shall not preclude or delay any other appropriate agency decision or personnel action." I was not allowed. The VA and ORM did not follow the laws at all. I was a victim of discrimination based on my disaibl(5)es that the VA knew about upon hire and knew about, per the evidence on file, that they were exacerbating my disabilities.

f. The VA based my removal on being sick/a disabled Veteran and the VA stating I did not provide adequate medical certification, despite the copious medical letters and treatment records submitted by VA doctors who have been treating me for 15 years. I was hired for being a disabled Veteran in 2008 by the same supervisor, Dennis Uldricks, who violated my rights, and many other employees. The VA knew from hire in 2008 that I was disabled, Dennis Uldricks hired me for my disabilities under the Vocational Rehabilitation Act. I had pending reasonable accommodations with Dennis Uldricks and the HR, William Pennerman, from December 2013. This request was not allowed prior to my WIGI denial or prior to my removal, despite the VA management's knowledge of my disabilities, my need for the reasonable accommodations, and the fact they did not allow them.

g. Even though disabled, when supported, prior to my reports to the OIG or the EEOC in 2012, I was given 4 performance awards, 2 promotions, three raises and more. After my reports to the appropriate agencies for not only my situations involving discrimination based on disability but a deaf employee at the VA who was begging me for help because she was not being allowed an interpreter consistently or at all for some situations for over 20 years. She was not allowed advancement because of her disabilities and the problem management had with

communicating with her. After advocating for her civil rights, the managers and union began retaliating against me for what I filed with the FLRA, OIG and EEOC. As a result, the union worked with management to harass me and get rid of me, with not even one grievance was filed for a 100% permanently and totally disabled Veteran getting fired for being sick and having his WIGI taken, without being allowed reasonable accommodations.

h.  When I made my complaints to the EEOC and OIG in 2012 I was a victim of retaliation (5 USC 2302, PPP, please refer to evidence of retaliation already on file with the EEOC OFO), that escalated over two years.

i.  By the time the VA removed me, they said I did not provide adequate medical certification and charged me AWOL for being sick, per the evidence already with the EEOC. Per the VA Handbook 5011, an employee is only required to call the manager and let them know a rough estimate of when the employee expects to return to work based on their medical condition. An employee is never supposed to get ordered back to work or charged AWOL, especially absences with supporting medical documentation and known medical conditions. I provided a doctor's note, date of return, disability, and cause with a note from the doctor asking the managers to call him if they had any questions, but the information was deemed insufficient without a medical exam of the VA's choosing, per the law.

j.  When I returned to work, per the VA Handbook 5011, Part III, if the VA did not deem the medical documents from the VA doctors I was seeing for 15 years as sufficient then the VA can have me see a doctor of their choosing to prove my disability and the reason for my absence. Either way, no matter where the medical certification comes from, the VA per 5 CFR part 752, cannot take an adverse action for someone being sick. And if they want to dispute the medical documents or certification, they can send me to a doctor of their choosing. 5 CFR part 752, (f), 339.301 of part 752, medical cert by a doctor. I requested this more than once and was not allowed. I even quoted the collective bargaining agreement more than once and not allowed.

k.  VA Handbook 5011, Part III, Chapter 2, e.(2)(e). "Failure to furnish med cert may be cause for disapproval of sick leave. Such failure will not itself be the cause for disciplinary action." I was given a 3 day suspension while out on FMLA leave, ordered back to work 16 times while out on FMLA leave in 2013, charged AWOL for being sick with medical documents from my VA doctor, put out on a proposed removal, had my WIGI denied while I was not allowed in the building and with reasonable accommodations pending, given a 14 day suspension for being sick, charged AWOL for every doctor appointment I attended up to my removal in 2014, had every piece of my medical documents deemed insufficient, not allowed a medical exam per 5 CFR, and removed 8 days after my letter was read on the House floor by Congressman LaMalfa in May 2014, via voicemail, without being provided a last paycheck, all while reasonable accommodations were pending for my disabilities.

l.  The VA and the MSPB talk tried to validate a need that an SF-71 document for leave requests is required some way, but never explain where it is required per any law, rule or regulation. They cannot provide proof that an SF-71 is required for anything, in fact, nowhere in the VA Handbook or the CFR does it necessitate

such a document. This document was used prior to the ETA system and is only used when the system is down. The VA Handbook states that all leave, even LWOP is to be entered in ETA. The MNA states that either can be used, but not both required at any time. I was required to do both all the time, and the managers stated I did not provide even one. The VA argued I did not submit these documents but there are over 100 copies of SF-71s I submitted, in the evidence file that were date stamped at the VA and provided to the VA managers but ignored. I requested all doctor appointments I knew about in advance on those forms. I followed Executive Order 5396, but the VA ignored the law and charged me AWOL despite the requirement to provide time for disabled Veterans to attend their needed doctor appointments or treatments.

m. Per 29 CFR 1605.2, reasonable accommodations without undue hardship as required by Section 701 (j) of title VII of the Civil Rights Act of 1964, must be provided. As explained by the CFR, the VA has not provided reasonable accommodations to a disabled Veterans and took more than one adverse action against me. This is discrimination based on disability per the CFR, and a violation of the law. My civil rights have been violated on more than one occasion throughout this process, by more than one legal representative and VA employee.

n. 29 CFR 1630.9 states that it is unlawful for a covered entity, like the VA, to not make reasonable accommodations to the known physical and mentally disabled, as long as it does not impose an undue hardship. Per the evidence on file, my request with my doctor's medical documentation was provided to the VA in December 2013.

o. The ergonomics evaluation did not occur until April 2014, and I had to come into work, even though out for more than one disability, to complete the evaluation. The evaluation is part of the evidence file already.

p. I was not provided the required assistive equipment before the VA removed me by voice mail while out sick. The VA did not provide the reasonable accommodations per the law. This is an obligation by the agency and per 29 CFR 1630.4, it is unlawful for a covered entity to discriminate based on someone's disabilities. I was not able to get the accommodations I needed and the VA did not allow me the training needed because of my disabilities. I was a victim of discrimination for my disabilities more than once.

q. In fact, 42 USC 12201 explains the definition of discrimination based on disability. 5 (A), specifically speaks to discrimination based on disability, explaining that if the covered entity does not provide reasonable accommodations that do not impose an undue hardship, this is discrimination based on disability.

r. I believe that based on 42 USC 2000e-5(f), the EEOC should allow me an attorney to represent me in the matters against the VA. The laws, rules and regulations the VA has violated, not only in my claim but the other whistleblowers, substantiates the need for not only an investigation, but proper adjudication to ensure these laws are not continually violated in the future by the same managers who have proven that they violate any law they desire.

s. 29 USC 794a – authorizes the collection of attorney fees for more than attorneys but also pro se for work completed above and beyond the compensable damages

authorization. Furthermore, (b) explains that if I have to go to civil court, the Federal Government cannot recoup attorney fees, no matter the outcome.

t.  Please provide some type of response. I have not heard one word regarding my prior request for consolidation or identity protection, dated August 11, 2017. The following is an exact copy of what I have already submitted:



"Please allow my request to consolidate my EEOC claims.

A. I would like to consolidate EEOC OFO Appeal No. 0120142130, Agency No. 200P-0343-2013101369, with;

B. My appeal for EEOC discrimination review of my WIGI denial without providing reasonable accommodations, MSPB Appeal No. SF-531D-16-0042-I-1, Mixed Claim A of the pending EEOC SF Appeal No. 550-2015-00156X, VA Agency No. 200P03432014101910), with;

C. My appeal for review of the decision by the MSPB over my removal without reasonable accommodations, SF Appeal No. SF-0752-15-0749-I-1, Mixed Claim C of pending EEOC SF Appeal No. 550-2015-00156X, VA Agency No. 200P03432014101910. I have until August 30, 2017 to file the reconsideration, per the appeal rights provided.

D. I would like to delay the processing of the three claims, once they are consolidated for the completion of the hearing with the EEOC SF, over the SF Appeal No. SF-0752-15-0749-I-1, VA Agency No. 200P03432014101910. I have recently requested a hearing through administrative judge MacMillin, the VA, and Chief Judge Brodie on July 17, 2017. I would like to have the hearing before this claim is consolidated and/or decided.

E. A review of MSPB discrimination claims is covered in 5 CFR 1201.157.

F. Per page one of the EEOC OFO decision dated January 26, 2017, sent to me on July 13, 2017, I requested a consolidation of my pending EEOC claims. Currently, I am authorized a review of the 2 MSPB claims regarding the discrimination based on disability because I was not provided reasonable accommodation before the VA took my WIGI and before removing me in May 2014, 8 days after my letter for help and an OIG investigation, was read on the House floor by Congressman LaMalfa. The WIGI has already been requested for a review more than once despite the MSPB not providing me with the appeal rights per the law.

G. I have just been provided a decision from the MSPB regarding my removal and I have until August 30, 2017 to request the appeal to the EEOC over the discrimination, contrary to what I was provided by the MSPB for my WIGI despite multiple requests. I am in the process of sifting through the 80 plus page response that does not cover my disabilities (100% per the VA, permanent and total, in the evidence file) or the fact I was not allowed reasonable accommodations but fired for being sick. I asked for the VA to send me to another VA doctor of their choosing because they disagreed with the VA doctor who stated I was being subjected to a "hostile work environment" (Tab B-1 p 408 – 410 of the evidence file) and that is why my service connected conditions

exacerbated to a 100% permanent and totally disabled, Tab B-1 p 171, VA letter stating I am 100% permanently and totally disabled. At this time, I am requesting to have the two MSPB review claims consolidated with this reconsideration claim.

u.  Please allow my request for reconsideration – I am requesting the reconsideration of Appeal No. 0120142130, Agency No. 200P-0343-2013101369.

   A.  I am requesting that I am allowed a reconsideration of Appeal No. 0120142130 based on "clearly erroneous interpretation of material fact (evidence on hand), and "clearly erroneous interpretations of material law." Also, the decision, or lack of action, on more than my claim with regards to the Oakland Regional Office, HAS ALREADY HAD "a substantial impact on the polices, practices, or operations of the Agency."

   B.  The NCOD report (Tab B-1, page 813 – 820, the media reports, the other whistleblowers, and the training that closed down the Oakland RO in 2012 has shown a substantial impact on the practices of the VA managers (shredding claim and destroying evidence per the VA OIG report, February 2015) and allowed an immense backlog to develop in Oakland (too many media and VA OIG reports to list, but publicly available, considered common knowledge). The training was required by Congressperson Jackie Spears in 2012. After that training is when I reported the first EEOC claim over discrimination for sexual orientation in August 2012. This event started the reprisal for this claim, encompassed the hostile work environment reported, and several cases of discrimination based on disability.

   C.  The discrimination was not just with me according to the evidence file that contains several reports of Oaklands lack of management, corruption, retaliation, destruction of claims and more (Tab B-1 824 – 842). Please refer to statements from fellow disabled victims: Patty Morales, Roselyn Tolliver, and Jamie Fox (Tab B-1, p 839). The EEOC can look their claims up within the EEOC database.

   D.  The decision to ignore the facts surrounding the deaf employee, not allowed an interpreter multiple times at the VA Oakland RO, needs to be reconsidered. Patty Morales, the deaf employee, was not allowed reasonable accommodations, aka a sign language interpreter on more than one occasion. I tried to advocate and get the union to do something but they would not. Patty has worked for the VA for over 20 years and will be forced to retire at a GS-6 level because she is deaf and no one will protect the rights of the disabled at the VA Oakland RO.   Please refer to the number of times she and I reported, with supporting evidence, to the EEOC that her rights were being violated without protection. Evidence file, Tab B-1, p 421, 424, 425, 427, 433 and her own statement, clearly reported by her to the investigators, without one follow up question, Tab B-1 p 1329. My reports to management and the EEOC over continued issues further support this fact (Tab B-1 p 306).  Tina Motrum admitting to not providing Patty with reasonable accommodations, aka, a sign language interpreter, Tab B-6, p 1004 and 1005, is enough to see

the bigger picture and initiate or request an investigation into the matter. Patty was not allowed reasonable accommodations at least 50 times in the time I worked at the VA since 2008. Ask her but know, she is scared to report, obviously, as she has seen what has happened to me and Jaime and Rustyann and Lydia. She is worried the VA managers will make her life worse like me if she says something to the EEO or others, under protective activity laws, because we have no protection.

E. Clearly erroneous interpretations of material law that should allow a reconsideration for Appeal No. 0120142130:

1. The VA is required to adhere to their VA Handbook (specifically for time and attendance, VA Handbook 5011 (Tab B-1, p477), Part III, Chapter 3, 12, c, (5) and Part III, Chapter 1, as well as the Executive Order 5396, and the Master National Agreement between the Department of Veterans Affairs and the American Federation of Government Employees AFGE (MNA, collective bargaining contract/agreement and VA Pamphlet 05-68 P70450).

2. The MNA is a contract between the VA and the union for the employees. This is the employee handbook and VA management rulebook. This cannot be superseded by any local agreement like an RO Circular because it is a National agreement and the agreement governs (MNA, Article 2, Section 2 – Department Regulations, "Where any Department regulation conflicts with this Agreement and/or a Supplemental Agreement, the Agreement (aka the MNA) shall govern." The Secretary of the VA must sign off on the agreement (page 302 of the MNA) as complying with all local and Federal laws regarding employment and the grievance process. The VA made up some matrix locally to show they wanted to override the MNA with regards to when an SF-71 is required. There is no VA Handbook, CFR, or USC to support their allegations an SF-71 is required, when we are going paperless and have an electronic time and attendance system (ETA). Either way, I provided the SF-71 they required of me and they charged me AWOL three times in this claim, and about 40 times in the pending EEOC SF claim. I wanted legal clarification and the managers made life worse. I submitted them again and again but they charged me AWOL for my time out sick regardless how many SF-71s I submitted or what the VA doctor provided.

3. The VA Handbook has the exact language as the MNA regarding the VA leave policy. The VA contends that I had to fill out an SF-71, but nowhere does it require a "paper" document to be filled out, rather VA Handbook 5011, requires ETA only and a phone call, an email, or voice message to call out sick or disabled. ETA is the required method unless the system is down. Until I submitted my claim with the EEOC in 2012, ETA was the only required method. I was allowed to submit requests by email before my reports to the EEOC in 2012 (Tab B-1, p 458, and Tab B-1, p 459).

4. ETA is used to properly request any time off, per the MNA and per the screen shots in the evidence file (Tab B-1 p 461). Any employee is only required to submit either via ETA or SF-71 per the MNA (Article 35, Time and Leave, p187). The reason was simply explained, we are going "paperless" and ETA is electronic, it makes pay roll easier, and everything easier. That is why the MNA said either, not both. One request is just as good as another per the VA Handbook and the MNA, but management made me request more than one way, discriminating against me based on my disability. This started after my reports to the EEOC and my first encounter with the "SF-71" nonsense with William Vallejos over sick leave and OWCP leave he charged me AWOL for in December 2012.

5. Either way, evidence file Tab C-13, p 1653, is a properly filled out SF-71, properly requesting time off for OWCP time in question that I was charged AWOL for by William Vallejos. This SF – 71 is submitted for an advance on sick leave from December 20, 2012 – January 31, 2013. This is when I was granted VLTP but denied advance on sick leave by WP because he said it would take to long to pay back. This document and the denial are in the evidence file, with the evidence provided by the agency in Tab C. I was charged AWOL for this time period for "not submitting the proper request" by William Vallejos, Tab C-14 p 1656, and my pay taken despite the COP authorization, according to the pending charges. The VA managers made it about this one form, yet I did submit the form and they still charged me AWOL according to the evidence on hand. The EEOC OFO ignored this fact and only stated what the VA explained without supporting evidence. The evidence on hand shows I did submit the form and they came after me, just like they did from December 2013 up to my removal, no matter how many SF-71s I submitted. Refer to the EEOC SF claim, on hand with the EEOC in the system for the EEOC, for the evidence, to avoid repeated copies of the same evidence. During the life of the three claims, my work life and health was at an all-time low and they knew what they were doing.

6. Per Michelle Kwok, and in accordance with what was reported by the EEOC OFO, in the recent decision, she said I was a "bad person", but the evidence and my statements show I continued to show up to work, show up to my plethora of doctor appointments, and continued to try to find an amicable means of resolve. I tried to do exactly what the law required of me and what the managers harassed me to do, but as a result of my disabilities, and the fact the VA managers did nothing to stop the constant harassment or help me succeed, my production and my health was severely and pervasively effected. I ended up filling out several SF-71s, as referenced in the EEOC SF file, but that did nothing to stop the managers. They ignored my medical documents, from VA doctors, and did not allow me medical certification (per MNA Article 35, Section 16, E. 4 and 5, as well as the VA Handbook 5011, Part III, Chapter 2, in the evidence file, Tab B-1 p 474 - 477), by another doctor, per the VA Handbook or the MNA. There is no way the VA can defend violating the

law as a means to explain "non-discriminatory" behavior, they broke the law. Furthermore, the law does not require me to provide similarly situated persons if the law has been violated. Either way, the evidence file has a union grievance and LWOP "union right to information" that shows 7 similarly situated employees were not required to submit an SF-71, Tab B-1 p 702 - 709. Finally, Per the VA Handbook, in the evidence file, Tab B-1, p 477, medical treatments for disable Veteran-employees does not allow, explain or support the VA managers treatment of disabled or requiring frivolous requests. In fact, the VA Handbook states my personal statement is enough to validate my medical certification.

7. The VA cannot say they would violate the law and do it to many people, like they have, and have the EEOC OFO find that it is not an erroneous interpretation of material law. The VA managers have repeatedly ordered disabled incapacitated Veterans back to work, despite what the VA doctors state, or the law states. Rustyann Brown, Roselyn Tolliver, and myself have all been subjected to this gross discrimination based on our disabilities. Executive Order 5396 protects disabled Veterans from this type of nonsense but the VA managers do not comply with legal requirements. As a result of the lack of action or protection from discrimination based on disabilities at the VA Oakland RO, the VA Managers have been allowed to continue their victimization of fellow Veterans like Rustyann Brown, Roselyn Tolliver, Jamie Fox, James Wilson, and Lydia Cheney, as well as, fellow civilian disabled people like Patricia Morales or Corey Tyrell. Please refer to the EEOC database.

8. The manager's behavior and harassment not only affected my performance and health negatively, but the harassment had a clear purpose and effect of creating an intimidating hostile and offensive work environment, as reported by me and many other employees to the EEOC and other agencies about the hostile work environment at the VA Oakland RO. The managers know that the harassment will have an unreasonable effect on my performance and did so until I could not keep up. They used me as an example to the other employees to not speak up. They escorted me out of the building more than once in front of the others as a show. Once for proposed removal for being sick in November, and another for allegations by Penny Mims, union president, less than two weeks before they removed me by voice mail.

9. The EEOC statement that witnesses are not allowed and VA statements that "rising tensions" with employees is a reason to not believe the witnesses is contrary to the law. Specifically, "evidence of general working atmosphere involving employees other than complainant is also relevant to the issue of whether a hostile work environment exits." This coupled with the media reports, the NCOD report, the other employee claims (Rustyann Brown, Roselyn Tolliver, Lydia Cheney, Jamie Fox, etc.), the other EEOC claims, and the VA OIG reports, show a definitive hostile work environment, not just for me but all VA Oakland RO employees. The proof has been supported through the immense news

reports of Oakland's inadequacies, Congressional hearings (2014-2017), OSC statements (October 13 and 16, 2016), and VA OIG reports (2012 – 2016).

F. Clearly erroneous interpretations of material fact that should allow a reconsideration include:

1. According to the evidence file, Tab B-1 p 766 – 777, I was given 4 performance awards, 2 promotions, and 3 raises before I made my reports to the EEOC in 2012. After that, I was a victim of constant Prohibited Personnel Practices (1614.301) that included: Increased surveillance, not allowed to take breaks, not allowed to complete work, not allowed to speak with other employees, not allowed equal quality reviews, WIGI removed, charged AWOL for being sick, stating it was misconduct, my choice, no matter what I submitted from my VA doctors. The VA managers had a severe and pervasive effect that is quantifiable per the evidence file, my health, and my performance at work. I was subjected to a daily hostile work environment that caused me internal bleeding, excessive and debilitating migraines, as well as a skin condition that left me with cracked bleeding skin and the related psoriatic arthritis flare ups. This was reported more than once and is part of the evidence file, but best exemplified on Tab B-1 p 368. The other employees were subjected to the same and that is what was put out in the VA OIG reports from 2012, up to the present and what was investigated by Congress the past several years, as reported and included in this appeal.

2. I was a victim of repeated reprisal for trying to engage in protected activity by reporting the incidents to more than the EEOC and I was not protected leaving me sick and unable to work. While out on FMLA leave per my VA doctor in 2013, I was given a 3-day suspension by the director, Bragg, (Tab C-16, p. 1731 and my response (Tab B-1, p. 756) for not being able to return to work while out on FMLA leave for being disabled. I required more than one procedure and could not return. My doctor pulled me from work under FMLA and other reasons as a result. I provided this information and more to the VA (Tab C-16, p 1723 and many other) but they ordered me back more than once and gave me a 3-day suspension, which is included despite the already submitted "medical documentation showing a period of required convalescence," according to Dennis Uldricks, I was ordered back so that I could request to be allowed to be sick or disabled (Tab C-16, p 1719), contrary to the VA Handbook and MNA which states a phone call is the only requirement until I return to work. No explanation for the VA harassing disabled workers while out recovering, so the managers can get an SF-71.

3. When I returned to work, I submitted my reasonable accommodation requests in December 2013, but was ignored until Dorothy Gordon of the VA Washington DC USERRA department asked why I was being treated differently. I was not allowed an ergonomic evaluation that was requested

in December 2013, until April 2014, one month before my removal. My reasonable accommodations were never provided before they removed me. While the reasonable accommodations request was pending with my manager Dennis Uldricks and HR William Pennerman, I was given a proposed removal for being sick in November 2013, removed from the VA for the entire month of January 2014, and suspended for 14 days in February 2014, for being disabled. I was docked pay at the same time while out and had my WIGI taken without reasonable accommodations, without a PIP and without the 60-day notification requirement per the MNA. I was not allowed in the building because I was out on a proposed removal for being sick in November 2013, and not able to improve my performance or grieve the WIGI denial.

4. I was not given any support and charged AWOL for every time I was sick or had a doctor appointment even with a submitted SF-71. I provided an SF-71 on August 16, 2013 to stop the harassment and the harassment while out for "medical convalescence" (Tab B-1 p 1719) but William Vallejo "lost" the envelopes and their contents, which included the SF-71s and the medical documents the managers where harassing me over while out on FMLA leave, incapacitated (Tab C-16, p 1723).

5. In May 2014, after communicating with congress for help, I was removed 8 days after my letter was read on the House floor by Congressman LaMalfa, by voice mail (EEOC SF appeal and MSPB discrimination review).

6. My last check was taken and I had to go through the USPS Judge Carmella to get the check back, almost 2 years after I was removed.

7. My Vocational Rehabilitation benefits have been wrongfully denied and now ignored. The VA, according to the news reports submitted in the evidence file, VA OIG reports, and mainstream news, show a pattern of mismanagement, destruction of claims, prohibited personnel practices, and more. Proof of the hostile work environment lies in the reports from other whistleblowers with EEOC claims, who have proven their credibility through EEOC deposition, like: Rustyann Brown, Roselyn Tolliver, Corey Tyrell, Jamie Fox, and many more, who worked for the same managers as Dennis Uldricks, James England, Rachel Pennington, Michelle Kwok, etc. My witnesses were ignored by the EEOC for what the VA called "employees respective beliefs stem from a general tension between management and employees," but the EEOC did not recognize the hostile work environment. The employees have valid claims and many have paid for lawyers to adjudicate their obvious appeals before the EEOC. The environment, based on the plethora of evidence shows a gross pattern of mismanagement, fraud, waste, abuse of authority and discrimination based on Veteran and civilian employee's disabilities. I know the problems have not stopped and will continue until the managers are removed.

8. OWCP claim was not correctly explained. I was not allowed any type of COP and charged AWOL for what was approved by the director for the

Voluntary leave program (Tab C-13, p1651). I was charged AWOL by WV and not allowed COP until I appealed for over 6 weeks while out sick for many disabilities. He charged me even though I submitted the request he wanted. The in-question SF-71 request, provided by the VA, is found in the evidence file, Tab C-13 p 1653. If I provided more than one SF-71, the VA has no grounds to state I refused to fill out the form. They need to explain why they did not help me in any way and why they charged me AWOL if they had the form. The evidence does not explain the managements claimed "non-discriminatory" behavior at all, rather a calculated and reckless demeanor.

9. Dr. Li, a VA doctor, pulled me from work when I became incapacitated. He is a VA doctor of over 20 years. He gave his professional medical opinion more than once as to why my disabilities were getting worse, "hostile work environment." Evidence file, Tab B-1, p 408 – 440. I had to go from 5 doctor appointments a month to 5 per week. I lost a great deal of income because I had to attend the new appointments as a result of the hostile work environment and reprisal at work. My disabilities got so bad I had to have more than one procedure in 2013 to determine the internal bleeding from the stress. I had to attend light therapy for the first time in my life for my psoriasis as a result of the excessive stress I was subjected to at work. I had to drive to Palo Alto three times per week for the therapy and was charged AWOL for the appointments. I had to start seeing a psychologist, paid for by the VA, once a week for several years. The VA management did this to me and were allowed to continue knowing the effect, charging me AWOL for multiple appointments and incapacitations I had no control over. The VA without a doubt did nothing to help me, only hurt or hinder me, my health, and my production. The 5000 pages of evidence show a solid picture, as does the other EEOC claims by the other employees, the EEOC can confirm from their own internal data base and stop the injustice.

10. James England did not just "give me dirty looks," or "embarrass me", he stopped me from taking breaks (Tab B-1 p 386), stopped me from talking to anyone as explained by Tolliver and Cheney. (Tab B-1 p 419 and Tab B-1 p 297 and 298). The other managers did not allow me the training that was needed to do my job, they required me to have more QRT reviews of my work than other workers Tab B-1 p 848), they stopped from asking questions of QRT mentors, and several followed me around all the time after I engaged in supposed protected activity in 2012, (Tab B-1, 853). I tried to resolve all matters in accordance with the law, but was not allowed. I was a victim of more than one type of reprisal. I have 23 charges on this claim. 18 more on the EEOC SF claim. I have two more to consider with the WIGI and removal discrimination claims for not providing reasonable accommodations. I was charged AWOL several times for being sick and the entire time, the VA managers, did not follow the regulations or laws to assist me or stop the reprisal. Nothing in the

file submitted by the VA or myself supports a claim of assistance or support.

11. Per Tab B-10, 1134, WV states I offered to use my own leave, but charged me AWOL. This took my OT and I was not paid for this time. I had plenty of sick time but WV stated he wanted me to submit a written request for this time out. He then said I did not put the information correctly into ETA. The VA handbook and the law does not allow him to change the ETA to unpaid, if I have sick leave or annual leave. He took my pay, against the law. There is not legal authorization for him to not allow me sick leave or annual leave, no matter what explanation he comes up with. I was allowed to go home per his statement but not allowed sick or annual leave, even thought I had the time on the books. He is not allowed per law to charge me AWOL for being sick or being allowed to go home per my supervisor, him, especially for being threatened at work. This is one of the charges showing how much I was being affected at work and not given any support by management, just more harassment/reprisal for exercising my protected rights. Either way there is no law, rule or regulation that can support WV's AWOL charges, his taking of my pay or overtime pay for not providing a request that not required for sick time or when using ETA. He cannot change my paid status to unpaid if I have leave available, no matter the explanation.

12. Without a doubt, based on the evidence on hand, actions of the VA management, reports by other victims, and violations of laws by the VA, show the "proffered explanations are unworthy of credence and that a discriminatory reason more likely than not motivated the agency." Burdine.

v. Finally, my identity was breached and shared with some random person at an old PO Box from 3 years ago, despite my repeated attempts to ensure the EEOC OFO had my address of the past 3 years. My identity needs protection as a result of the sharing of my personal information and appeal information. I would rather not pursue the HIPPA issue at this time, just have some sort of identity protection in place. Please provide some type of identity protection program for sending my personal information and HIPPA protected information to some random person in January."

If you have any questions regarding the information in this request to the EEOC OFO, please contact me at the above listed phone number, email, or physical address.

Semper Fidelis,

Anthony Silveria

June 21, 2016

*I am providing the following Settlement Agreement per the EEOC SF request to attempt to enter in a global*
*settlement agreement with the Department of Veterans Affairs by joining my pending claims with the MSPB,*
*EEOC SF, EEOC OFO, and DOL OWCP ECAB claims. I have pending VA OIG, OGE, Congressional claims*
*and pending media, that are related but I don't believe I can withdraw at this time under the global settlement.*
*The following is the proposed global settlement agreement from the complainant, Anthony Silveria:*

## Settlement Agreement

APPELLANT:               Anthony Silveria

AGENCY:                  Department of Veterans Affairs (DVA)

EEOC APPEAL NUMBER:      550-2015-00156X

AGENCY CASE NO.:         200P03432014101910

### Preliminary Statement

In the interest of closure and in the mutual resolution of their differences, the **[Department of Veterans Affairs, Agency]** and **[Mr. Anthony Silveria, Appellant]** entered into this Settlement Agreement on this _____ day of _____. The parties sign this Agreement in exchange for the good and valuable consideration set forth herein, which, absent this Agreement, neither party is obligated to provide to the other and the adequacy of which is hereby acknowledged.

### Terms and Conditions

1. In exchange for the promises made by the agency in this Agreement, the appellant agrees not to institute a law suit under **[Title VII of the Civil Rights Act of 1964, as amended, (Title VII), the Age Discrimination in Employment Act of 1967 as amended, (ADEA), the Rehabilitation Act of 1974, as amended, (Rehab Act)]** based on: EEOC SF Appeal No. 550-2015-00156X (VA Agency No. 200P03432014101910), EEOC OFO Docket No. 0120142130 (VA Agency No. 200P03432013101639), MSPB Appeal Number SF-0752-15-0749-I-1, MSPB Appeal Number SF-531D-16-0042-I-1, DOL OWCP ECAB Appeal Number 13228128 and DOL OWCP ECAB Appeal Number 13228130.

2. Further, the appellant agrees that submission of this Agreement to the Equal Employment Opportunity Commission (Commission) will constitute a request for closure of EEOC SF Appeal No. 550-2015-00156X (VA Agency No. 200P03432014101910), EEOC OFO Docket No. 0120142130 (VA Agency No.

200P03432013101639), MSPB Appeal Number SF-0752-15-0749-I-1, MSPB Appeal Number SF-531D-16-0042-I-1, DOL OWCP ECAB Appeal Number 13228128 and DOL OWCP ECAB Appeal Number 13228130.

3. It is understood that this agreement does not constitute and shall not be construed as an admission of liability or wrongdoing by the agency under **[Title VII of the Civil Rights Act of 1964, as amended, (Title VII), the Age Discrimination in Employment Act of 1967 as amended, (ADEA), the Rehabilitation Act of 1974, as amended, (Rehab Act)]**, with respect to the appellant's claims set forth in EEOC SF Appeal No. 550-2015-00156X (VA Agency No. 200P03432014101910), EEOC OFO Docket No. 0120142130 (VA Agency No. 200P03432013101639), MSPB Appeal Number SF-0752-15-0749-I-1, MSPB Appeal Number SF-531D-16-0042-I-1, DOL OWCP ECAB Appeal Number 13228128 and DOL OWCP ECAB Appeal Number 13228130.

4. The agency agrees to provide the following in return for the complainant not continuing litigation against the agency for retaliation, discrimination based on disability, harassment, and prohibited personnel practices which have been reported to the EEOC, MSPB, DOL OWCP, FLRA (OGC), VA OIG, Congressional representatives, and the media:

## Compensatory Damages

to pay compensatory damages in the amount of **[$300,000]** to the appellant within 30 calendar days of the date of this Agreement. The appellant acknowledges that this settlement payment is taxable, and agrees to pay all applicable taxes. The appellant agrees to not seek separate compensatory damages for each of the 3 separate EEO claims that have been fragmented by the Federal agencies that if they stay distinct separate claims, could equal $900,000, without this global settlement agreement. Furthermore, based on the number of reasonable accommodation requests and the fact they were open at the time of removal, the length of retaliation (4 years), level of disability impairment as a result of the prohibited personnel practices, continued retaliation over Vocational Rehabilitation benefits, VA OIG documented retaliation at work for reporting, retaliation documented by Congressmen LaMalfa, and functional limitations on life that my husband can attest to under testimony according to his Nurse license, that have occurred over the past 4 years are worth more than $300,000. The information is well documented in the 2600 pages of evidence in the 2nd EEOC claim and the over 1200 pages of evidence in the EEOC 3rd claim, MSPB claims and DOL OWCP ECAB claims. The appellant had to attend doctor's appointments three times per week in Palo Alto and once a week in Los Gatos, California as a result of the exacerbation of his conditions and for treatment of his newly diagnosed psychological conditions caused by the hostile work environment he was exposed to at the DVA from December 2012 through June 2014. Refer to Dr. David Li's and Dr. Chris Polizzi's physician statements and outpatient treatment records which are included in the claims. Also please refer to EEOC Appeal No. 0120140216, Samuel R. v. Robert McDonald, DVA, EEOC Appeal No. 0120121002, Mozelle G. v Eric

Shinseki, DVA, EEOC Appeal No. 01210120140, Claudia A. v Bill Johnson, Tennessee Valley Authority, EEOC Appeal No. 0120141161, Brendon L. v. Patrick Donahoe, US Postal Service, EEOC Appeal No. 0120132400, Sana I. v. Carolyn Colvin, Social Security Administration, EEOC Appeal No. 0120133382, Bryon F. v. Patrick Donahoe, US Postal Service, and Lula N. v. Eric Shinseki, DVA.

## Back pay

to award appellant back pay with interest and other benefits, including subsequent within grade salary increases within 30 calendar days of the date of this Agreement. Appellant should receive regular promotions and pay like that of similarly situated RVSR employees working at the Department of Veterans Affairs in California. Please refer to EEOC Appeal No. 0120140216, Samuel R. v. Robert McDonald, DVA.

Back pay should start from date of removal in June 2014 and continue for 30 days after the date this agreement is in effect, approximately July 31, 2016 (depending on the DVA's reemployment or retirement choice for the appellant).

The back pay should start at the GS12, Step 3 rate for 2014, in Oakland, California, ($97,399 per year, $8,117 per month, $42.53 per hour). The rate should cover June 2014 through January 2015, for 8 months. The total award for June 2014 through January 2015 = $64,936.

Appellant's should be promoted February 2015 to GS12, Step 4, in Oakland, California (2015, $100,436 per year, $8,369 per month, $43.85 per hour). The rate should cover February 2015 through January 2016, for 12 months. The total award for February 2015 through January 2016 = $100,436.

Appellant's should be promoted February 2016 to GS12, Step 5, in Oakland, California (2016, $103,501 per year, $8,625 per month, $45.20 per hour). The rate should cover February 2016 through July 31, 2016, for 6 months. The total award for February 2016 through July 2016 = $51,750.

The total Back Pay to be awarded to the appellant within 30 days of this agreement = **[$217,122]**

## Leave without pay, Sick Leave, and Annual Leave

to award appellant Leave without pay (LWOP), Sick Leave, and Annual Leave taken for treatment of the appellant's disabilities and incapacitating episodes within 30 calendar days of the date of this Agreement. The appellant had to attend several doctor appointments, was out on DOL OWCP leave more than once, out on FMLA leave for 4 months, and out for over 6 weeks on more than one occasion leaving the appellant functionally disabled. The appellant was not allowed to take any type of vacation because all vacation and sick

leave was used to cover his incapacitations or doctor appointments for his service connected disabilities. Please refer to EEOC Appeal No. 0120121002, Mozelle G. v. Eric Shinseki, DVA.

LWOP hours for 2013 = 1110 @ GS11-S2 rate of $33.99 per hour in Oak, CA = $37,729.

LWOP hours for 2014 = 521 @ GS12-S3 rate of $42.53 per hour in Oak, CA = $22,158.

(Not claimed at this time from 2012 and related to the DOL OWCP claim and first EEOC claim filed in July 2012, Sick leave hours = 106)

Sick leave hours for 2013 = 40 @ GS11-S2 rate of $33.99 per hour in Oak, CA = $1,360.

Sick leave hours for 2014 = 48 GS12-S3 rate of $42.53 per hour in Oak, CA = $2,041.

Vacation leave hours for 2013 = 49 @ GS11-S2 rate of $33.99 per hour in Oak, CA = $1,666.

Vacation leave hours for 2014 = 55 GS12-S3 rate of $42.53 per hour in Oak, CA = $2,339.

Total LWOP, sick leave, and vacation leave hours used by the appellant for incapacitating episodes or doctor appointments related to the claims acknowledged in this global agreement, from 2013 – 2014, to be awarded to the appellant = [$67,293]

### Reinstatement/Promotion

to reinstate/promote appellant into the position of **[Rating Veterans Service Representative], [GS 12, Step 5]**, at its **[Sacramento, California]** facility, or **[provide 6 months' administrative pay to qualify for Federal retirement and allow FERS at GS12, Step 5], or process [Federal Disability Retirement at GS12, Step 5]**, within 30 calendar days of the date of this Agreement. If reinstatement is the choice of the agency, training will need to be drafted in the future global settlement agreement as part of the individual affirmative relief.

### Neutral Reference

to provide a neutral reference regarding appellant, that is, the agency will confirm his/her dates of employment, his/her last job title, his resignation for personal reasons, and his/her annual salary at termination. Within 15 days of the date of this Agreement, the agency will provide appellant with a letter of reference on its letterhead.

### Unemployment Compensation

has not been allowed for the appellant due to the Agencies "misconduct for AWOL" charge under appeal. Unemployment for any other purpose not related to this claim in the future is not restricted in way. Any unemployment benefits not allowed up to this point will be covered by Back Pay, as explained.

## Resignation with File Expungement

to issue, within 30 calendar days of the date of this Agreement, an SF-50 and other appropriate personnel forms, certifying that the appellant voluntarily resigned for personal reasons, effective **[July 31, 2016]**, or the appellant retired from Federal service, effective **[February 1, 2017]**, or the appellant retired for disabilities, effective **[July 31, 2016]**. The agency also agrees to provide the appellant with a clean record by expunging all references to the **[any and all Adverse Actions related to all claims listed in this global settlement agreement]** from **[his]** official personnel file.

## Outplacement Service

to grant the appellant Vocational Rehabilitation services according to his 100% service connected, permanent and totally disabling conditions as well as the psychological conditions created by the Department of Veterans Affairs, not service connected, in accordance with United States Code and other applicable regulations. The services should allow the appellant to continue his education to obtain a job commensurate with his disabilities, education, employment history, and qualifications in accordance with the Department of Veterans Affairs, Vocational Rehabilitation programs.

## Apology

to provide the appellant with a written apology letter, which shall be kept strictly confidential, within 30 calendar days of this Agreement.

## Retaliation

that there shall be no future discrimination or retaliation of any kind against the appellant as a result of filing this charge or against any person because of opposition to any practice deemed illegal under **[the Rehabilitation Act, the ADEA, or Title VII]**, as a result of filing this complaint, or for giving testimony, assistance or participating in any manner in an investigation, proceeding or a hearing under the aforementioned Acts.

## EEOC responsibilities training for management and employees of the DVA

to train all members of the DVA in EEOC responsibilities and reporting requirements as well as retaliation training in accordance with EEOC Appeal No. 0120121002, Mozelle G. v. Eric Shinseki, the FAD from the VA OEDCA for Roselyn Tolliver, 2013, the EEOC claim the DVA is currently working on for Rustyann Brown.

## Injunctive Relief

to recommend disciplinary action for the mangers and employees involved to prevent future harassment, retaliation, reprisal, reoccurrences of the same violations to other employees or the appellant, and to stop the

FRAUD, WASTE and ABUSE from continuing, in accordance with EEOC Appeal No. 0120120140, Claudia A. v. Tennessee Valley Authority.

## Confidentiality

Except as may be required under compulsion of law, the parties agree that they shall keep the terms, amount, and fact of settlement strictly confidential and promise that neither they nor their representatives will disclose, either directly or indirectly, any information concerning this settlement (or the fact of settlement) to anyone, including but not limited to past, present, or future employees of the agency who do not have a need to know about the settlement. Employees who have a need to know about the settlement include **[Rustyann Brown, Roselyn Tolliver, and Scott Harlan], (the other effected whistleblowers involved who have EEO claims the Agency already knows about).**

## Non-Disparagement

The parties agree that neither they nor their representatives will disparage the other party. Disparage as used herein shall mean any communication, or written, of false information or the communication of information with reckless disregard to its truth or falsity. The agency also agrees that it shall not make any statements, either internally or externally, that reflect adversely on appellant's job performance. In the event of a request for employment references, the agency will confirm appellant's dates of employment, **[his]** last job position, and **[his]** annual salary at termination.

5. The parties understand the terms of this Agreement and enter into it voluntarily.

6. This document constitutes a final and complete statement of the Agreement between the parties. There shall be no modifications or amendments to this Agreement unless they are in writing, signed by the parties.

7. The parties agree that in the event that the appellant believes that the agency has failed to comply with the terms of this agreement, the procedures set forth at 29 C.F.R. Section 1614.504 shall govern. Appellant shall notify the agency's EEO Director, in writing, of the alleged noncompliance within 30 days of when the appellant knew or should have known of a breach of this agreement. The appellant may request that the terms of the settlement agreement be specifically implemented or, alternatively, that the complaint be reinstated for further processing from the point processing ceased. The agency shall resolve the matter and respond to the appellant in writing. If the agency has not responded to the appellant, in writing, or if the appellant is not satisfied with the agency's attempt to resolve the matter, the appellant may appeal to the Commission for a determination as to whether the agency has complied with the terms of the settlement agreement or final decision. The appellant

may file such an appeal 35 days after **[he]** has served the agency with the allegations of noncompliance, but must file an appeal within 30 days of **[his]** receipt of an agency's determination.

8. The appellant knowingly and voluntarily waives all rights under the Age Discrimination in Employment Act of 1967 (ADEA) which pertain to allegations of age discrimination as specified in the appellant's complaint. Federal law provides that the appellant may have 21 days from receipt of the agreement to review and consider this agreement before signing it. The appellant further understands that he/she may use as much of this 21-day period as he/she wishes prior to signing and delivering this agreement. Federal law further provides that the appellant may revoke this agreement within seven (7) days of the appellant's signing and delivering it to the agency. Federal law also requires us to advise the appellant to consult with an attorney before signing this agreement. Having been informed of these rights, and after consultation with his/her counsel, appellant waives these rights. **[ADEA Clause]**

9. This Agreement shall be effective as of the last date on which the parties sign on the lines provided below.

[Name of Appellant]                                    [Name of Agency]

_____                                    _____

_____                                    _____

Dated: _____                                    Dated: _____



**Department Of Veterans Affairs**
110 9th Avenue South
Nashville, TN 37203

August 09, 2013

ANTHONY SILVERIA
PO BOX 9265
SAN JOSE CA 95157

In Reply Refer To:   320/NCC/DQR

SILVERIA A J

To Whom It May Concern:

The official records of the Department of Veterans Affairs verify that Anthony J Silveria is rated at
100% permanent and totally disabled effective 12/01/2010 for a service-connected disability.

## Do You Have Questions or Need Assistance?

If you have any questions, you may contact us by telephone, e-mail, or letter.

| If you | Here is what to do. |
|--------|---------------------|
| Telephone | For Compensation, call us at 1-800-827-1000. If you use a Telecommunications Device for the Deaf (TDD), the number is 711. For Pension, call us at 1-877-294-6380. |
| Use the Internet | Send electronic inquiries through the Internet at https://iris.va.gov. |
| Write | Put your full name and VA file number on the letter.  Please send all correspondence to the address below: U.S. Department of Veterans Affairs Reno VA Regional Office 5460 Reno Corporate Drive Reno, NV 89511 FAX: (775) 321-4810 |

With sincere regard for the Veteran's service,

*Millie Ezell-Smith*

Millie Ezell-Smith
National Call Center Manager

To email us visit https://iris.va.gov

**Silveria, Anthony, VBAOAKL**

| | |
|---|---|
| **From:** | Pennerman, William M., VBAOAKL |
| **Sent:** | Monday, December 16, 2013 12:40 PM |
| **To:** | Silveria, Anthony, VBAOAKL |
| **Cc:** | Uidricks, Dennis, VBAOAKL; Gordon, Dorothy (VACO); Herrera, Blanca, VBAOAKL |
| **Subject:** | Re: Accommodations for Chair |
| **Attachments:** | VA0857A.pdf; Requests through Computer/Electronics Accommodation Program (CAP); REMINDER - Reasonable Accommodation Policy Lunch & Learn session; New Reasonable Accommodation RO Policy & L&Ls |

December 16, 2013

To: Anthony Silveria

Subj: Ergonomic Chair

*[handwritten: REASONABLE ACCOMMODATIONS Policy Q REMOVE]*

Today I discovered that you may be in need of an ergonomic chair, as what was provided to you last year (2012) is insufficient. As the Local Area Reasonable Accommodations Coordinator (LARC) I want to immediately begin the "interactive" process of getting you something that will accommodate your current sitting needs. I ask that you please complete the attached VA-0857A. Please note since January 2012, shortly after Mr. Bragg's arrival, our RA policy changed based upon the Director's desire to use VA policy 5975.1 to address employee needs. We had training and pushed various emails to this effect to all employees, however due to either training or your absence you may have missed the lunch and learn sessions so I am just attaching the notices for a FYI. It also appears you submitted a Computer/Electronics Accommodations Program (CAPS) request which was possibly not acted on by CAPS because of VA Central Office's guidance to CAPS was to no longer interact directly with employees, but only with the station's LARC (this notice is also attached).

Again, I would like to resolve this request quickly and ask that if a chair is still required that you complete the 0857A form and provide medical explaining the need for the requested item. Thanks!

*William M. Pennerman*
Human Resources Liaison/LARC
(510) 637-6125
(510) 637-6111 - fax
william.pennerman@va.gov

1

OMB Number: 2900-0767
Respondent Burden: 10 minutes

**Department of Veterans Affairs**

## WRITTEN CONFIRMATION OF REQUEST FOR ACCOMMODATION

An oral request from an employee is sufficient to begin the reasonable accommodation process. Completion of this form is voluntary. However, individuals who have requested an accommodation are asked to fill out this form for record-keeping purposes.

The Paperwork Reduction Act (PRA) of 1995 requires us to notify you that this information collection is in accordance with the clearance requirements of Section 3507 of the PRA. We cannot sponsor or require you to respond to a collection of information unless it displays a valid OMB number. We anticipate that the time expended by all individuals who must complete this form will average ten minutes including the time it will take to read the instructions, gather the necessary facts, and fill out this form.

**Privacy Act Information:** The information requested on this form is solicited under the authority of Executive Order 13164 that requires the collection of data that will allow measurement and evaluation of the efficiency and appropriateness of the actions taken by the Department of Veterans Affairs in processing accommodation requests. Information from the data collection will become part of a System of Records that complies with the Privacy Act of 1974. This System of Records is identified as "Reasonable Accommodation Processing Records" as set forth in the Compilation of Privacy Act issuances via online GPO access at http://www.gpoaccess.gov/privacyact/index.html.

If you need assistance in completing this form, please contact the Local Reasonable Accommodation Coordinator.

| NAME OF EMPLOYEE | PHONE NUMBER OF EMPLOYEE (Include Area Code) | DATE OF REQUEST | TODAY'S DATE |
|---|---|---|---|
| ANTHONY J. SILVERIA | 510 637 6178 | 12/20/13 | 12/20/13 |

| EMAIL ADDRESS OF EMPLOYEE | OFFICE OF EMPLOYEE |
|---|---|
| anthony.silveria@ va.gov (~~yahoo.com~~) (us) | DVA OAKLAND RO (expect from 3) |

| SUPERVISOR'S NAME | SUPERVISOR'S PHONE NUMBER |
|---|---|
| DENNIS ULDRICKS | 510 637 6301 |

**ACCOMMODATION REQUESTED** *(Be as specific as possible)*

ERGONOMIC CHAIR SET UP.

**REASON FOR REQUEST**

Back problems related to service (service connected for back, neck, knees, shoulders, etc)

**IF ACCOMMODATION IS TIME SENSITIVE, PLEASE EXPLAIN BELOW**

REQUEST PENDING SINCE I was allowed a "cushion air" pad in 2012 and 2010 w/ prior requests.

Employees should give this form to their immediate supervisor or the LRAC.

| NAME OF LRAC | PHONE NUMBER OF LRAC | LOG NUMBER ASSIGNED |
|---|---|---|
| | | |

This form should be retained separately from the employee's Official Personnel Folder.

VA FORM
MAR 2011   **0857A**

Adobe LiveCycle Designer



**DEPARTMENT OF VETERANS AFFAIRS**
**PALO ALTO HEALTH CARE SYSTEM (VAPAHCS)**
**San Jose VA Clinic**
**80 Great Oaks Blvd.**
**San Jose, CA 95119**

30Dec2013

To Whom it May Concern:

I, Dr.Li, am the Primary Care Physician (PCP) for Silveria, Anthony. This letter is to enable Mr.Silveria to have an ergonomic set up and chair at his work station due to his history of chronic back, shoulder, wrist, elbow and knee pain. The cushion air pad is insufficient, and a more thorough ergonomic set up is needed for Mr.Silveria.

Kind regards,

Dr.David Li, MD
Extension: 73663

DEPARTMENT OF VETERANS AFFAIRS
Palo Alto Health Care System
3801 Miranda Ave.
Palo Alto, CA  94304



To whom it may concern,

Mr.  Silveria                  was seen by Vista S. Khosravi, MD Staff Physician, Dermatology on
01/17/13. Per instructions, Mr Silveria has a standing appointment in Dermatology for treatment
three times a week every week.

Please call Julie McQueen, RN for questions or concerns.

Thank you,

*Julie McQueen, RN*
**VA PALO ALTO HEALTHCARE SYSTEM**
DERMATOLOGY SERVICES
3801 MIRANDA AVE.
PALO ALTO, CA 94304
TEL (650)493-5000 EXT. 65217



DEPARTMENT OF VETERANS AFFAIRS
Palo Alto Health Care System
3801 Miranda Avenue
Palo Alto CA  94304

In Reply Refer To:

April 1, 2014

es: Anthony Silveira

~~████████████~~

To: Dennis Waldvieles

I am the above named's primary VA provider. I have reviewed the medical records, both VA and at Sagertown Health Center on 7121 Curtner Ave, and I attest that the above named was disabled from his usual profession and receiving medical treatment for the dates of March 24, 2014 through March 31, 2014 inclusive. Please contact me if you have further questions.

Sincerely

Dawlle

DAVID W MD

408 · 363 · 7000

408 · 363 · 3088 FAX.

RECEIVED
R.O. DIVISION #4
VETERANS AFFAIRS
14 APR -3 AM 6:49
REGIONAL OFFICE 343
OAKLAND, CA

EXHIBIT (Y)

# Progress Notes

```
       URGENCY:                          STATUS: COMPLETED


PATIENT NAME:  SILVERIA, ANTHONY

HISTORY:
The patient returns to clinic as a followup for his migraine headaches
and psoriasis.  The patient reports a marked increase in his work
stress.  Basically he is in a hostile work environment.  This has
caused a blossoming of his psoriasis and an exacerbation of his
symmetric joint pain.  In addition he is having more migraine
headaches.
```



```
PHYSICAL EXAMINATION:
GENERAL:  Well-developed, obese man in no apparent distress.  VITAL
SIGNS:  Weight 231 pounds, BMI 35, blood pressure 122/69, pulse 46,
temperature 98.2.  Pain is 8/10 due to the neck, shoulders, back, and
joints.  The neck today is relatively tight, although there is no
palpable spasm.  He has had marked increase in his shiny red guttate
lesions on the torso, back, and legs.  NEUROLOGIC: He is alert and
oriented times 3.

ASSESSMENT:
1.  Migraine headaches.
2.  Psoriasis.
3.  Rule out psoriatic arthritis.

PLAN:
1.  I filled out the patient's labor forms.
2.  I have given him three days of total disability.
3.  Return to clinic in one month.

D:  12/26/2012
T:  12/26/2012
Job number:  1058313
MBC/CMTS
$end:


/es/ DAVID LI, MD
Staff Physician
Signed: 12/27/2012 17:00
```

---

**PATIENT NAME AND ADDRESS (Mechanical Imprinting, if available)** | **VISTA Electronic Medical Documentation**

SILVERIA, ANTHONY JOSEPH

PO BOX 9265
SAN JOSE, CALIFORNIA  95157 | Printed at PALO ALTO HCS

Exhibit (X)

## Silveria, Anthony, VBAOAKL

**From:** kameelah.n.montgomery.civ@mail.mil
**Sent:** Thursday, May 22, 2014 9:02 AM
**To:** Silveria, Anthony, VBAOAKL
**Cc:** Uldricks, Dennis, VBAOAKL; terrence.m.obrien3.ctr@mail.mil; CAP.Acquisitions@mail.mil; leslie.r.pugh.ctr@mail.mil; nathaniel.j.becker4.ctr@mail.mil; Kameelah.n.montgomery.civ@mail.mil; Pennerman, William M., VBAOAKL
**Subject:** [EXTERNAL] CAP Request #91096 for Anthony Silveria has been ordered

Anthony Silveria,

Thank you for your recent accommodation request to CAP. Your request for Workrite Poise PA2000 Dual Monitor Arm - Grommet has been ordered from a vendor on 5/22/2014. You should receive your accommodation within 10 to 15 working days. Your CAP Request ID Number is 91096.

If you do not recognize or did not request one or more of the products listed in this notification, or if the accommodation does not meet your needs after it is received, please contact Jerome Lyons at (703) 614-8546 or jerome.d.lyons.civ@mail.mil.

Once you have received your accommodation please review the CAP Ergonomic Guide to properly adjust your workstation. It can be viewed at:
http://cap.mil/Documents/CAP_Ergo_Guide.pdf

** If you requested other accommodations, additional emails will be sent notifying you when the remaining accommodations have been ordered.**

The requested accommodation is being mailed to the following address that was provided:

Oakland Regional Office
1301 CLAY ST STE 1400N
ATTN: ANTHONY SILVERIA
OAKLAND, CA 94612

Please notify your mailroom or receiving office that you are expecting a package so that it can be delivered to you in a timely fashion. If this is the incorrect address or you do not receive your accommodation within this timeframe, please contact CAP immediately:

Sincerely,

Kameelah Montgomery
Acquisitions Team Leader
Computer/Electronic Accommodations Program (CAP)

Visit us online at www.cap.mil or www.cap.mil/wsm.

CONFIDENTIALITY NOTICE: This e-mail, including any attached files, may contain confidential and privileged information for the sole use of the intended recipient. Any review, use, distribution, or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive information for the intended recipient), please contact the sender by reply e-mail and delete all copies of this message. This document may contain information covered under the

**Silveria, Anthony, VBAOAKL**

| | |
|---|---|
| **From:** | Silveria, Anthony, VBAOAKL |
| **Sent:** | Thursday, April 24, 2014 11:44 AM |
| **To:** | Kwok, Michele, VBAOAKL; Markey, Mary, VBAOAKL |
| **Cc:** | Uldricks, Dennis, VBAOAKL; 'ajsilveria@yahoo.com'; 'ajsilveria@gmail.com' |
| **Subject:** | Hostile work environment meeting |

Ms. Kwok, Mrs. Markey, and Mr. Uldricks,

I have been trying to get a meeting with the three of you to find out why I am still being subjected to constant harassment, hostile work environment, increased surveillance, HIPPA violations, etc etc etc. I do not feel comfortable at work any my disabilities have gotten worse as a result. I will be returning from TEMPORARY disability leave on May 15, 2014. When I return I hope that some mutual respect will be shown by all of you and we can have an adult, educated conversation, or I will have to continue to report the violations to the appropriate agencies. This is not my choice. If you want me to provide more medical certification when I return, you can schedule me with your provider per the CFR and collective bargaining agreement.

Anthony Silveria

510 828 3251

ajsilveria@yahoo.com

or ajsilveria@gmail.com

until May 15, 2014

1

May 20, 2014

Dear Congressman LaMalfa,

I cannot thank you enough for the work you and your staff have done for the Veterans in the Northern California area. I know that after working for the Department of Veterans Affairs, Oakland, Regional Office, for 5 years, that your staff is considered by the management as "pushy" or "overbearing" because you actually follow-up regarding the Veterans claims and lack of action on those claims, some for over 35 years, and do the right thing for the Veterans. One particular case should have been decided with the evidence on hand, last year. I read the exams today and found that the exams have been in the system and there has been no action on that claim for what the "system" states is waiting for the examinations. The information is there and the rating should be completed based on the evidence on hand. Please keep advocating for the Veterans, I cannot thank you enough. I am a Veteran myself, who severed honorably for over 9 years and was not provided the benefits from the VA per the law until I started working for the DVA myself and found out everything I was not informed.

I left the US Marine Corps in 1999, after serving honorably as a military police, K-9 officer and member of the SWAT team. I worked hard and as a result, my disabilities required several surgeries and recently due to the hostile work environment at work, have became progressively worse. I have been service connected with the VA since 1999 and since working at the VA in 2009 found out why the VA has had so many problems with their performance. I have tried to report this to management, but they did not like hearing the truth and started to make my work life miserable, 2 years ago. The news is starting to pick up on what I have tried to report regarding the unethical conduct in the VA. Prior to the news picking up on the real problems of the VA, I have been reporting this information to the Senate (Feinstein and Boxer), Congress in my district (Honda, Starks, and Lee), I have reported this to the VA OIG on three different occasion, I have reported this to GAO, and I have reported the problems at the Oakland VA to the FLRA/OGC, for two years with no assistance. I have 3 EEO claims with one more in the works that have not been processed by the VA ethically or morally according to the applicable laws, up to and including the OEDCA in Washington DC. I am begging you to please open a formal investigation into the unethical conduct of the VA Oakland RO.

The unethical conduct I know of is the fact that the Oakland VA management has not been held accountable for the misconduct or several felony violations that has been recently reported by me and to me by confidential employees of the Oakland office regarding the management. Since coming out as a whistle blower, I have had many employees discretely discuss some extremely disturbing information with me regarding what is actually going on in the VA and why the management is trying to stop me at all costs. There are managers that know about 8 cases of pornography being viewed at managers and employee desks, 2 cases involve child porn, with no formal investigation initiated. There are managers who are turning on

the employee's web cams, while at work, without the employee's knowledge to view them, not as a discipline issue, but for reasons that should have initiated a formal investigation with results, findings, and repercussions. The management has not taken action on issues like these rather write myself up out of reprisal for reporting violations of laws, rules and regulations, abuse of authority, waste of resources, and for AWOL for attending doctor's appointments with medical documentation. The unethical conduct goes far behind my employment difficulties at the VA Oakland RO, I have come to find out that the Oakland RO is not only lying to Congress about their "numbers" but the Oakland RO is hiding claims that were received in 1999.

I have seen these claims in the office as late as May 20, 2014. These claims should be in the claims file if there is no action because the Veteran has died in the process, not still sitting around the office for over 15 years. There are a number of claims that are over a year old and there are many more that have been "lost in transit" to the scan sites. The VA is ethically challenged, but this is unacceptable to lose a Veterans claim and not tell them or try to make the situation right, just ignore them and hope they go away, or to not process a claim properly for over 15 years. The claims have been sitting for over a year, after being screened last by a group of VSRs and no action taken because they were sitting in someone's office then in some storage area by the Director's office on the 17th floor of the Oakland Federal building. Again, I have made multiple statements to many agencies of the US Government in hopes that the illegal and unprofessional conduct from the union and the management would stop, but the parties who I have reported this to, with ample amounts of evidence provided; have explained that corruption cannot be stopped without some sort of ethical investigation conducted. Please initiate some type of ethical investigation by an agency that is not going to try to cover up what they find, rather report the truth, and do the right thing.

I have been a law enforcement officer for 9 years in the US Marine Corps, and know that what is going on at the Oakland RO, with me and with the other Veterans, is wrong per the law, not my opinion. Please Congressman LaMalfa, assist us in whatever way you can, the Veteran's deserve better.

Semper Fidelis,

Anthony Silveria
USMC Disabled

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Silveria, Anthony J.

## DEFENDANTS

United States Department of Veterans Affairs (VBA) Agency

**(b)** County of Residence of First Listed Plaintiff   Sacramento
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Washington
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Pro-Se

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☒ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☒ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation - Transfer
- ☐ 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
45 USC 12112

Brief description of cause:
Discrimination based on disabilities and not providing reasonable accomodation.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions.)*

JUDGE

DOCKET NUMBER

DATE
05/11/2018

SIGNATURE OF ATTORNEY OF RECORD
*Peose*

## FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____