UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ANTHONY J. SILVERIA, et al.,<br><br>        Plaintiffs,<br><br>   v.<br><br>ROBERT WILKIE, et al.,<br><br>        Defendants. | Case No. 18-cv-07327-EMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>Docket No. |

## I.      INTRODUCTION

Plaintiff Anthony J. Silveria, proceeding pro se, initiated this case in the Eastern District of California in February 2018. He asserted claims of employment discrimination (based on disability) and whistleblower retaliation against the Secretary of the U.S. Department of Veteran Affairs. Subsequently, Mr. Silveria moved to amend his complaint—not only to name the new Secretary, but also "to add the direct line managers who were involved in the discrimination." Docket No. 4. The Eastern District court granted the motion and thus Mr. Silveria filed his first amended complaint ("FAC") in May 2018. *See* Docket No. 7. The case was thereafter transferred, in November 2018, to the Northern District because "the alleged unlawful employment practice occurred at the VA's Regional Office in Oakland."[1] Docket No. 25. Defendant then moved this Court for a dismissal of the FAC. *See* Docket No. 43. In April 2019,

---

[1] In the operative second amended complaint, Mr. Silveria complains that the case should not have been transferred to the Northern District and instead should have remained with the Eastern District. *See* SAC ¶ 8. He "conced[es] to continuing the litigation in the Northern District . . . to prevent further delay and in hopes of accuracy, expedition, and equal justice" but adds that he will seek "additional travel expenses" because he has been forced to travel to San Francisco and Oakland. SAC ¶ 9.

the Court granted the motion to dismiss but with leave to amend. Docket No. 59. Mr. Silveria subsequently filed his second amended complaint ("SAC"), and now Defendant moves for a dismissal of that pleading. This is the motion currently pending before the Court. Docket No. 64 ("Mot.").

## II.      FACTUAL & PROCEDURAL BACKGROUND[2]

Following the Court's order, Mr. Silveria filed his SAC, naming Robert Wilkie, the Secretary of the U.S. Department of Veteran Affairs, as the sole defendant[3] on the captions page. Docket No. 61. The Court previously dismissed the three individual "direct line managers" as they were not proper defendants. *See* Docket No. 60; *see also Johnston v. Horne*, 875 F.2d 1415, 1419 (9th Cir. 1989) (noting that a plaintiff who was or is a federal employee and who asserts employment discrimination may bring a Rehabilitation Act claim under 29 U.S.C. § 791 but must "name the appropriate head of the department, agency or unit" as the defendant), *overruled on other grounds by Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89 (1990). The SAC alleges as follows.

A.      Employment History with the U.S. Veteran Affairs

Mr. Silveria served in the U.S. Marine Corps from 1989 to 1999. SAC ¶ 46. After his service, he became a federal employee with the U.S. Department of Veteran Affairs ("VA"), serving as a Rating Veterans Service Representative in its Oakland office—a/k/a/ the Oakland VA Regional Benefit Office (VARBO)—from September 2009 until his removal in June 2014. *Id.* ¶ 48. From 2010 until the present, Mr. Silveria has suffered from "100% permanent disability," and he has been diagnosed with "GERD, ulcers, multiple brain injuries, vision loss, migraines,

---

[2] The majority of the allegations below come from Mr. Silveria's SAC. However, because the SAC is not always a model of clarity, to give Mr. Silveria the benefit of the doubt, the Court also includes background from Mr. Silveria's prior administrative proceedings of which Defendant seeks judicial notice. Docket No. 65. The Court may take judicial notice of the administrative proceedings. *See e.g., United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (stating that "we may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue"); *see also Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994) (taking judicial notice of documents pertaining to plaintiff's administrative proceedings).

[3] Mr. Silveria also names thirty-two (32) other individuals under the heading "Parties" in the SAC (SAC ¶¶ 14–45), and the Court docket list identifies these individuals as defendants in this case.

psoriasis, psoriatic arthritis, back pain, shoulder pain, knee pain, and a reconstructed ankle, with more than one major life limiting disability . . . ." *Id.* ¶ 51.

In August and September 2012, Mr. Silveria complained of discrimination to the Office of Resolution Management ("ORM")[4] by filing an Equal Employment Opportunity ("EEO") complaint. *Id.* ¶¶ 53, 54. Because of this activity, Mr. Silveria suffered from prohibited personnel practices in the form of "increase[d] surveillance." *Id.* ¶ 55. While Mr. Silveria's claims were pending, he was "followed around work and getting routinely harassed . . . in 2012, 2013, and 2014 . . . ." *Id.* ¶ 59. Throughout this period, Mr. Silveria reported the increased surveillance to his managers. *Id.* ¶ 60.

Since 2012, Mr. Silveria received repeated prohibited personnel practices because of his protected disclosures. *Id.* ¶ 61. From August 2013 through May 2014, VA took adverse actions against Mr. Silveria by ordering him back to work while he was out on FMLA leave; suspending him for three days while out on FMLA leave; proposing removal for being sick; denying him a within-grade increase in January 2014; and charging him thirty (30) times for being absent without leave while he was sick. *See* SAC ¶ 69.

According to Mr. Silveria, these practices became so severe and pervasive that he was unable to work, which led to him losing a within-grade increase and ultimately being removed from work while he had a pending reasonable accommodation request from December 2013.[5] *Id.* ¶ 62

On May 30, 2014, Mary Markey, Veterans Service Center Manager, proposed Mr. Silveria's removal based on four charges: (1) failure to follow instructions; (2) failure to follow leave procedures; (3) inappropriate conduct; and (4) waste of official duty time. Defendant's Request for Judicial Notice, Ex. 5 at 6. Mr. Silveria was removed on June 29, 2014. *Id.* Mr. Silveria never received a reasonable accommodation before his removal in June 2014. *Id.* ¶¶ 79,

---

[4] The ORM is the VA office that receives, processes, counsels, and investigates claims of discrimination and retaliation under Title VII and the Rehabilitation Act filed by VA employees. Declaration of Jose M. Collazo ("Collazo Decl.") ¶ 2.

[5] In December 2013, Mr. Silveria made a request for reasonable accommodations by requesting an ergonomic set up at work, which included a medical note from his doctor. SAC ¶ 68.

82. He also did not receive his final pay check, which he considered to be continued retaliation by VA and reported it to the Office of Accountability and Whistleblower Protection ("OAWP")[6] and the Office of Special Counsel ("OSC"). *Id*. ¶ 84.

Subsequently, on October 20, 2014, Mr. Silveria filed a complaint with the OSC, alleging that he was a whistleblower and that he had suffered retaliation as a result of his whistleblowing activities. *Id*. at 7. On December 9, 2014, the OSC notified Mr. Silveria that it was closing its file and gave him notice of his opportunity to file an Individual Right of Action (IRA) with the MSPB. *Id*. Mr. Silveria did not file an IRA appeal with the MSPB by the deadline of March 5, 2015. *Id*.

B.  Timeline of Relevant Administrative Proceedings

Mr. Silveria filed two formal EEO complaints with the ORM for claims that are related to this lawsuit. *See* Collazo Decl. ¶¶ 7–8, Declaration of Robert J. Barnhart ("Barnhart Decl.") ¶ 3 & Ex. 1. Below is a timeline of Mr. Silveria's claims and his appeals thereafter.

- **January 29, 2013**—Mr. Silveria initiated an EEO complaint ("2013 EEO Claim") and asserted a claim of discrimination and hostile work environment on the basis of national origin, reprisal, and disability. Barnhart Decl., Ex. 1;

- **April 19, 2014**—Mr. Silveria initiated a second EEO complaint ("2014 EEO Claim") asserting the following: (1) a non-mixed-case claim that Mr. Silveria was subjected to a hostile work environment and five discrete acts[7] based on disability and reprisal by events occurring between March 2014 and July 2014; (2) a mixed-case claim based on a request for reconsideration for the denial of Mr. Silveria's within-grade increase; and (3) a mixed-case claim that Mr. Silveria was subjected to discrimination based on disability and reprisal when he was removed from

---

[6] The OAWP is committed to ensuring accountability within VA. OAWP receives and investigates VA whistleblower disclosures and protects VA employees and applicants for VA employment from whistleblower retaliation. *See* https://www.va.gov/accountability/

[7] The five discrete acts are the following: (1) charged 43.25 absence without leave; (2) written counseling for absence without leave; (3) placed on sick certification; (4) denied reasonable accommodation; and (5) did not receive last paycheck or balance of annual leave. Collazo Decl., Ex. 2 at 3–4.

employment effective June 29, 2014; [8]

- **April 21, 2014**—The 2013 EEO Claim was denied in an ORM Final Agency Decision, and that decision was affirmed by the EEOC's Office of Federal Operations ("OFO") on **July 13, 2017**. It is unclear whether Mr. Silveria requested reconsideration;

- **July 7, 2015**—the ORM referred the mixed case to the Office of Employment Discrimination Complaint Adjudication ("OEDCA") and it issued a Final Agency Decision that found no discrimination from VA's actions in the 2014 EEO Claim.[9] Mr. Silveria appealed the two mixed-case decisions to the Merit Service Protection Board ("MSPB"), and the MSPB separated them into two appeals. Mr. Silveria is currently pursuing the non-mixed case before the EEOC;

- **January 6, 2017**—the MSPB held that it did not have jurisdiction to consider the denial Mr. Silveria's request for reconsideration regarding his within-grade increase claim.[10] Mr. Silveria was advised that he had 60 days to request review by the U.S. Court of Appeals for the Federal Circuit. RJN, Ex. 4. The Federal Circuit PACER system contains no record of any case filed by Mr. Silveria.

- **August 1, 2017**—the MSPB affirmed the ORM's denial of Mr. Silveria's removal claim, finding that the removal was not based on disability discrimination or whistleblower retaliation. The MSPB notified Mr. Silveria of his appeal rights to

---

[8] The removal claim was added by an amendment on July 24, 2014. RJN, Ex. 5 at 32.

[9] Regarding Mr. Silveria's denial of a within-grade increase, the FAD stated that he was denied "because, when in the office, he never completed any work, and therefore did not qualify for the increase." RJN, Ex. 3 at 4. Regarding his removal claim, the FAD found that the removal was not pretext for discrimination because he "failed to provide adequate supporting documentation for his continued absences, along with his well-documented inappropriate conduct, insubordination and prior disciplinary action . . ." *Id.*, Ex 3 at 7.

[10] The MSPB did not have jurisdiction because Mr. Silveria filed a union grievance on the initial denial of his within-grade increase, but he did not file a grievance on the subsequent denial of his request for reconsideration of the denial. "This distinction is critical because only the denial of such a request for reconsideration can be appealed to the MSPB. The initial denial of the within-grade increase is considered a separate action, which is not appealable to the MSPB." RJN Ex, 3 at 5. Under 5 U.S.C. § 2302(b)(1), a claimant may file a complaint in the EEO process, or file a grievance pursuant to the negotiated procedure, but not both.

1  the EEOC or file a civil action in an appropriate U.S. District Court.  RJN, Ex. 5.

2  Mr. Silveria elected to appeal to the EEOC.

3  • **<u>January 24, 2018</u>**—the EEOC's decision affirmed the MSPB's removal finding,

4  and it issued a right-to-sue letter on Mr. Silveria's removal claim, informing him of

5  his right to sue in federal district court within thirty (30) days.

6  Mr. Silveria filed the present lawsuit on February 23, 2018.  Docket No. 1.  This case was

7  transferred to this Court on December 4, 2018, following Defendant's motion to dismiss for

8  improper venue.  Docket Nos. 25, 26.  Then, in dismissing Mr. Silveria's FAC, this Court

9  instructed him to group his factual allegations by each specific claim of each alleged unlawful act.

10  Based on the groupings in the SAC, Mr. Silveria alleges five claims for relief:

11  • <u>Claim 1</u>:  Disability discrimination, termination, and harassment in violation of 5

12  U.S.C. section 2302, 42 U.S.C. 12112(a), Rehabilitations Act, and Executive Order

13  5396 for differential treatment and denial of reasonable accommodations;

14  • <u>Claim 2</u>:  Whistleblower retaliation and EEO retaliation in violation of 5 U.S.C.

15  2302 and 42 U.S.C. 12203 for retaliation based on his protected disclosures;

16  • <u>Claim 3</u>:  Disability discrimination for denial of within-grade increase in violation

17  of CFR 432.105, 5 U.S.C. 2302, and the Rehabilitations Act of 1973;

18  • <u>Claim 4</u>:  Disability discrimination for wrongful termination in violation of the

19  Rehabilitations Act and 5 U.S.C. 2302; and

20  • <u>Claim 5</u>:  HIPPA violations pursuant to 5 U.S.C. section 2302(b)(14).

21  ### III.     <u>LEGAL STANDARDS</u>

22  A.     <u>Rule 8</u>

23  Under Rule 8, a complaint must contain a "short and plain statement of the claim showing

24  that the pleader is entitled to relief," and "[e]ach allegation must be simple, concise, and direct."

25  Fed. R. Civ.P. 8(a), (d).  "[T]he short and plain statement must provide the defendant with fair

26  notice of what the plaintiff's claim is and the grounds upon which it rests."  *Dura Pharms., Inc. v.*

27  *Broudo*, 544 U.S. 336, 346 (2005) (citation omitted).  "Experience teaches that, unless cases are

28  pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket

becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." *Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 841 (9th Cir.2000) (citations and internal quotation marks omitted).

Rule 8 "has been held to be violated by a pleading that was needlessly long, or a complaint that was highly repetitious, or confused, or consisted of incomprehensible rambling." *Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir.2011) (citation and internal quotation marks omitted). *See also Mc Henry v. Renne*, 84 F.3d 1172, 1177 (9th Cir.1996) (affirming the dismissal of a complaint under Rule 8 for being "argumentative, prolix, replete with redundancy, and largely irrelevant"). A complaint may be dismissed for violating Rule 8 even if "a few possible claims" can be identified and the complaint is not "wholly without merit." *Id*. at 1179.

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Woods v. Carey*, 525 F.3d 886, 889–90 (9th Cir.2008) (citations and internal quotation marks omitted). However, "a pro se litigant is not excused from knowing the most basic pleading requirements" or "from following court rules." *Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107–08 (9th Cir.2000) (citation and internal quotation marks omitted); *see also Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants.").

B.     Rule 12(b)(1)

Under Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss for lack of subject matter jurisdiction. When subject matter jurisdiction is challenged, "the party seeking to invoke the court's jurisdiction bears the burden of establishing that jurisdiction exists." *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986). A Rule 12(b)(1) motion will be granted if the complaint, when considered in its entirety, on its face fails to allege facts sufficient to establish subject matter jurisdiction. *See Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 (9th Cir. 2003).

C.     Rule 12(b)(6)

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A

1   complaint that fails to meet this standard may be dismissed pursuant to Federal Rule of Civil

2   Procedure 12(b)(6). *See* Fed. R. Civ. P. 12(b)(6). To overcome a Rule 12(b)(6) motion to dismiss

3   after the Supreme Court's decisions in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic*

4   *Corp. v. Twombly*, 550 U.S. 544 (2007), a plaintiff's "factual allegations [in the complaint] 'must .

5   . . suggest that the claim has at least a plausible chance of success.'" *Levitt v. Yelp! Inc.*, 765 F.3d

6   1123, 1135 (9th Cir. 2014). The court "accept[s] factual allegations in the complaint as true and

7   construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St.*

8   *Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). But "allegations in a

9   complaint . . . may not simply recite the elements of a cause of action [and] must contain sufficient

10  allegations of underlying facts to give fair notice and to enable the opposing party to defend itself

11  effectively." *Levitt*, 765 F.3d at 1135 (internal quotation marks omitted).[11] "A claim has facial

12  plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

13  inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The

14  plausibility standard is not akin to a probability requirement, but it asks for more than a sheer

15  possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted).

16                          **IV.    <u>DISCUSSION</u>**

17          Defendant contends that the SAC should be dismissed for four reasons: (1) the SAC fails

18  to comply with Rule 8; (2) the Court lacks subject matter jurisdiction all claims except his removal

19  claim; (3) Mr. Silveria fails to state a claim under the Rehabilitation Act; and (4) Mr. Silveria fails

20  to state a claim under the Whistleblower Protection Act. Mot. at 2.

21  A.      <u>Mr. Silveria's Compliance with Rule 8</u>

22          Defendant argues that the entire SAC should be dismissed because it fails to comply with

23  Rule 8(a) and 8(d)(2). As noted above, the Court previously granted Defendant's motion to

24  dismiss the FAC. In granting the motion, the Court advised Mr. Silveria "to group his factual

25  allegations by each specific claim of an unlawful act (for instance, each act of discrimination or

26

27  ───────────────

28  [11] A court "need not . . . accept as true allegations that contradict matters properly subject to
    judicial notice or by exhibit." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.
    2001).

                                        8

retaliation) and in chronological order." Docket No. 60. The Court also advised Mr. Silveria to "plead exhaustion for his claims." Docket No. 60. In addition, the Court instructed Mr. Silveria as follows:

> If he chooses to raise a Rehabilitation Act claim, he must plead factual allegations regarding: what is his disability; whether he is a qualified employee; who discriminated against him; and what discrimination took place. Similarly, if he chooses to bring a retaliation claim he must address: what was the protected activity, and who took the retaliatory action against him.

Docket No. 60.

The Court construes the complaint liberally because it was drafted by a pro se plaintiff. *See Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). The SAC complies with Rule 10 insofar as it contains numbered paragraphs. It is now forty-two pages, comprised of 172 paragraphs of factual allegations. *See generally* SAC. Defendant contends that the SAC still violates Rule 8 because it is (1) unintelligible; (2) fails to group claims by legal theory; (3) and fails to provide a clear statement or description of the legal basis and facts for each claim. Mot. at 15–17.

The SAC makes an attempt to group factual allegations chronologically, and it groups some by specific claim. Additionally, Mr. Silveria's factual allegations attempt to identify the actor and the general time period, and the SAC ultimately provides a request for relief. *See* SAC ¶¶ 153–163. As to sufficiency in pleading his Rehabilitation Act and/or Whistleblower Protections Act claims, as well as administrative exhaustion, the Court shall analyze these claims under the Rule 12 standard. Mr. Silveria has attempted to comply with the Court's minute order, at least as to Rule 8 and Rule 10. At this juncture, Defendant's motion to dismiss the SAC on Rule 8 grounds is **DENIED**.

B.     Mr. Silveria Must Exhaust Administrative Remedies to Have Subject Matter Jurisdiction

A court may not entertain employment discrimination claims by a Federal-employee plaintiff unless the he or she has first exhausted the administrative process required by federal statute. *See Brown v. GSA*, 425 U.S. 820, 832 (1976); *Thompson v. Brennan*, 2018 WL 558934, at *3 (N.D. Cal. Jan. 25, 2018). "[S]ubstantial compliance with the presentment of discrimination

complaints to an appropriate administrative agency *is* a jurisdictional prerequisite." *Sommatino v. U.S.*, 255 F.3d 704, 708 (9th Cir. 2001) (emphasis in original). Discrimination claims falling outside the scope of the complaint that was considered administratively must be dismissed. *Vasquez v. County of Los Angeles*, 349 F.3d 634, 644 (9th Cir. 2003). The exhaustion requirement applies equally to Rehabilitation Act claims. *See Leorna v. U.S. Dep't of State*, 105 F.3d 548, 550 (9th Cir. 1997); *Thompson*, 2018 WL 558934, at *3.

The ordinary procedure for a federal employee who seeks to exhaust her Rehabilitation Act claims is to initially file an EEO complaint with her agency and then, once the agency has issued its final decision, appeal that decision to either the EEOC or a federal district court. *Sloan v. West*, 140 F.3d 1255, 1259 (9th Cir. 1998) (citing 29 C.F.R. § 1614.310(a)). An employee may file an action in district court if—after 180 days from the date of appealing to the EEOC—the EEOC does not issued a final decision on the matter. 29 U.S.C. § 1614.407(b).

The Civil Service Reform Act ("CSRA") created the Merit System Protection Board ("MSPB"), which is a "quasi-judicial Government agency" that adjudicates Federal employee appeals of agency personnel actions. *Id*. at 1258–59. "Generally, the MSPB is authorized to review 'adverse employment actions,' which fall into one of five categories: a removal, a suspension for more than 14 days, a reduction in grade, a reduction in pay, or a furlough of 30 days or less." *Sloan*, 140 F.3d at 1259 (citing 5 U.S.C. § 7512.).

The MSPB also has pendent jurisdiction over discrimination claims brought in connection with an "adverse action" otherwise appealable to it. 29 C.F.R. § 1614.302. This means that an employee seeking to pursue a claim of discrimination that is related to an adverse action has two options: (1) she can file a "mixed case complaint" with the agency EEO department that can then be appealed to the MPSB; or (2) she can file a "mixed case appeal" directly with MPSB. 29 C.F.R. § 1614.302(b).

"A mixed case complaint is a complaint of employment discrimination filed with a federal agency based on race, color, religion, sex, national origin, age, disability, or genetic information related to or stemming from an action that can be appealed to the . . . [MSPB]." 29 C.F.R. § 1614.302(a)(1). "A mixed case appeal is an appeal filed with the MSPB that alleges that an

appealable agency action was effected, in whole or in part, because of discrimination on the basis of race, color, religion, sex, national origin, disability, age, or genetic information." 29 C.F.R. § 1614.302(a)(2). It is "mixed" because the claimant has a statutory right to challenge the agency decision in two forums with overlapping jurisdiction at the outset—here, (1) by filing an EEO complaint, then appealing to the MSPB; or (2) by filing to the MSPB directly.

When a mixed case is appealed to the MSPB, the MSPB must determine that it has jurisdiction over the employee's claims. A finding by the MSPB that it lacks jurisdiction to hear a claim was only appealable to the United States Court of Appeals for the Federal Circuit, but now it is appealable to a district court. *See Perry v. Merit Sys. Prot. Bd.*, 137 S. Ct. 1975, (2017). On the other hand, if the MSPB finds it has jurisdiction over the appeal, the administrative judge decides the claims on the merits and the employee then has the option of seeking further MSPB review. *Sloan*, 140 F.3d at 1260. If the employee does not appeal the ALJ's decision to the MSPB panel within 30 days, the AJ's decision becomes final and the employee can either appeal any related discrimination claims to the EEOC or file an action in the federal district court as to the discrimination claim. *Id.*

Defendant claims that Mr. Silveria has failed to plead exhaustion of his claims but concedes exhaustion as to his removal claim. Mot. at 7. Mr. Silveria hinges his exhaustion requirement on the removal claim, contending his claims were consolidated and thus should be treated together. In particular, he argues that "[t]he right to sue letter is a result of several requests to consolidate all claims . . . . The EEOC stated the claims could be consolidated in the July 13, 2017, decision on the first page in the footnotes . . . . [Therefore], the Plaintiff's right to sue is not limited to just the removal." Opp. at 13. Defendant contends that the only claim properly before the Court is the removal claim because the MSPB eventually declined to consolidate Mr. Silveria's claims, despite his request. Reply at 2.

The MSPB did not consolidate his claims. *See* Barnhart Decl., Ex. 2 [July 13, 2017 OFO decision] at 3, fn. 1 ("Complainant requests that we consolidate the instant appeal with [the 2014 EEO Complaint], that he filed on April 19, 2014, which he alleges is a continuation of the instant complaint. We note that there has been no appeal filed with respect to [the 2014 EEO Claim], and

therefore we cannot consolidate it with the instant case.").  The MSPB *separated* his claims and issued *two* separate decisions.[12]  Therefore, the Court must turn to each of the EEO Claims to determine whether Mr. Silveria independently exhausted each claim.

### 1.    Removal Claim (fourth and second claims for relief)

Mr. Silveria filed the 2014 EEO Claim that included one non-mixed claim and two mixed claims.  Collazo Decl. ¶¶ 8, 10, Ex. 2; RJN, Ex. 4 & 5.  Two MSPB appeals followed the 2014 EEO Claim bearing MSPB Case Nos. SF-0752-15-0749-I-1 and No. SF-531D-16-0042-I-1, one for each mixed claim (removal and within-grade increase denial).  On August 1, 2017, the MSPB issued a decision affirming the agency's finding of no discrimination and sustaining Mr. Silveria's removal from Federal service.  *Id.*, Ex. 5.  Mr. Silveria timely petitioned for EEOC review, and the EEOC, in a decision dated January 24, 2018, agreed with the MSPB's finding of no unlawful discrimination or reprisal.  RJN Ex. 6.  Mr. Silveria was advised in that decision that he had 30 days from receipt of the decision to file a civil action in federal court.  *Id.* at 2.

The right-to-sue letter issued on January 24, 2018, **only** included SF-0752-15-0749-I-1, which only concerns Mr. Silveria's June 29, 2014 removal.  Collazo Decl. Ex. 6.  Defendant concedes that the review of the discriminatory removal claim is properly before the Court based on that 2018 right-to-sue letter.  Mot. at 8.  Mr. Silveria's removal claim corresponds with his fourth claim for disability discrimination for wrongful termination and his second claim for whistleblower retaliation in the SAC.  These two claims are exhausted.

### 2.    Within-grade Increase Claim (third claim for relief)

The second MSPB appeal (case no. No. SF-531D-16-0042-I-1) to which Mr. Silveria refers, relates to the denial of his within-grade increase and, as discussed above, was adjudicated separately from his removal claim.  *See* RJN, Ex. 4 at 5; RJN, Ex. 5 at 8 (again, the administrative agency clarified that "During this appeal, the [within-grade increase] denial was docketed as a

---

[12] Mr. Silveria also challenged without success the ALJ's decision to separate the within-grade increase appeal from the removal appeal.  RJN, Ex. 4 at 4 (the ALJ found that "Administrative judges may separate claims if doing so would expedite their processing and not adversely affect the interests of the parties . . . .  We find that the administrative judge properly exercised her discretion.").

separate appeal and adjudicated separately.").  The MSPB held that it did not have jurisdiction to hear his claim and after the MSPB issued its decision, it advised Mr. Silveria that he had 60 days to request review by the U.S. Court of Appeals for the Federal Circuit.  *Id*. at 5.  The Federal Circuit PACER system contains no record of any case filed by Mr. Silveria.  *Id*. ¶ 2 & Ex. 1.

Defendant argues that this appeal resulted in a final, judicially-reviewable decision dated January 6, 2017.  Mot. at 9.  Mr. Silveria was required to request review of this final decision with the Federal Circuit[13] no later than sixty (60) days after the date of that order.  5 U.S.C. § 7703(b)(1)(A); *see Sloan*, 140 F.3d at 1262.  According to Defendant, Mr. Silveria failed to do so.  RJN ¶ 1 & Ex. 1 (PACER search).

Mr. Silveria only relies on his consolidation argument—specifically, "Plaintiff pursued more than one claim with the MSPB and the MSPB clerk of the board, as well as the EEOC OFO. Therefore, the Plaintiff did pursue several civil actions for the [within-grade increase] denial."  Opp. at 13–14.  But, as discussed above, his claim was never consolidated.  Thus, Mr. Silveria did not exhaust his within-grade-increase claim because he did not petition the EEOC for review (as he did with the removal claim), nor did he appeal to the Federal Circuit.

Accordingly, Mr. Silveria's failed to exhaust administrative remedies regarding his within-grade-increase claim.  Defendant's motion to dismiss Mr. Silveria's third claim for relief is **GRANTED with prejudice**.

### 3.     2013 EEO Claim (first claim for relief)

The SAC includes, under the subheading Count I, factual allegations of "discrimination and retaliation allegations, from August 2012 through 2013" contained in "VA agency No. 200P-0343-2013101639/EEOC OFO Docket No. 021014130."  SAC ¶¶ 170, 172.  These factual allegations correspond to the 2013 EEO Claim, which included claims of discrimination and harassment, beginning in August 2012. Collazo Decl. ¶ 7 & Ex. 1; Barnhart Decl. Ex. 1.

---

[13] The MSPB initially held that it did not have jurisdiction to consider Mr. Silveria's within-grade-increase claim for jurisdictional purposes (because he initially sought a grievance).  *See* RJN Ex. 3.  The Ninth Circuit law, at that time, required him to appeal to the Federal Circuit.  Then, the U.S. Supreme Court decided *Perry v. Merit Sys. Prot. Bd.*, 137 S. Ct. 1975 (2017), which held that the district court is also the proper forum for judicial review for jurisdictional decisions.

United States District Court
Northern District of California

In a Final Agency Decision ("FAD") dated April 21, 2014, the ORM found that Mr. Silveria failed to prove that Defendant subjected him either to disparate treatment or a hostile work environment. *Id*. ¶ 7; RJN Ex. 2. Upon Mr. Silveria's timely appeal, the EEOC's Office of Federal Operations ("OFO") affirmed the FAD on January 26, 2017. Barnhart Decl. ¶ 4. This decision was reissued on July 13, 2017, *id*. ¶ 3 & Ex. 1, and Mr. Silveria was advised that he had 30 days to file a request for reconsideration and 90 days to file a civil action. *Id*. Ex. 1 at 17–18.

Defendant claims that Mr. Silveria did not seek reconsideration of this decision within the 30-day period. *Id*. ¶ 5. Therefore, according to Defendant, the present case, which was not filed until February 23, 2018, falls outside the 90-day filing period. Mot. at 9. According to Defendant, Mr. Silveria's failure to file suit within 90 days of the date of receipt of the right-to-sue letter bars all claims arising out of the 2013 EEO Claim. "Dismissal of an action with prejudice is appropriate where a plaintiff fails to follow the 'strict procedural requirements of'" this 90-day filing deadline. *Reyes-Vanegas v. EEOC*, 2007 WL 2019561, at *2 (N.D. Cal. July 9, 2007) (citing *Lal v. Henderson*, 2004 WL 724920, at *2 (N.D. Cal. Mar. 24, 2004)).

Mr. Silveria contends that he did, in fact, submit a request for reconsideration. Though unclear from the SAC, at the hearing, Mr. Silveria pointed the Court's attention to Exhibit F5 of his declaration in support of his opposition to Defendant's motion to dismiss. Exhibit F5 is an e-mail dated August 11, 2017, with a subject line that reads "Request for consolidation of EEOC claims, request for identity protection, and *request for reconsideration of EEOC OFO claim*." Declaration of Anthony J. Silveria in Support of Plaintiff's Opposition to Defendant's Motion to Dismiss ("Silveria Decl."), Ex. F5 (emphasis added). Defendant opposed this as evidence of submission because there is no record of a proof of service or its equivalent to show record of delivery. Mr. Silveria represented to the Court that he submitted the request identified in Exhibit F5.

It does appear that Mr. Silveria made some attempt to request reconsideration of his 2013 EEO Claim. However, to what extent the EEOC received this request is unclear, and his declaration does not end the inquiry because Defendant submitted a competing declaration that demonstrates the EEOC has no record of such request. As plead, the claims arising under the

14

2013 EEO Claim must be dismissed unless and until Mr. Silveria can plead factual allegations in a subsequent amended complaint that he exhausted this claim. If he chooses to pursue this claim, Mr. Silveria must plead how and when he submitted his request for reconsideration, whether he received some sort of receipt after his submission to record his formal request, and whether he ultimately heard back from the EEOC regarding the request's outcome. Defendant's motion to dismiss the first claim for relief is **GRANTED without prejudice**.

### 4. 2014 EEO Non-mixed Claim (fifth claim for relief)

The 2014 EEO Claim also contained one non-mixed claim, which is made up of a hostile work environment claim and five discrete acts. Collazo Decl. ¶ 9 & Ex. 2 at 3–5. It is undisputed that this non-mixed claim remained pending with the EEOC at the time Mr. Silveria filed his SAC. Collazo Decl. ¶ 10; SAC ¶ 165 (until related proceedings are consolidated "upon the agreement to enter in a global settlement agreement," the "non-mixed allegations before the EEOC" will continue with the EEOC SF."). At the hearing, however, Mr. Silveria provided the Court and Defendant with a copy of the EEOC's decision to forgo further investigations. This decision is dated July 19, 2019, and Mr. Silveria must timely amend his complaint to include this claims if he wishes to pursue it.

Notwithstanding Defendant's in-court showing that he has exhausted this claim, he still must plead it in his complaint. Defendant's motion to dismiss the SAC's fifth claim for relief is **GRANTED without prejudice**, as it is now exhausted and Mr. Silveria may plead it in his subsequent complaint.

### 5. Whistleblower Protection Act (second claim for relief)

The SAC claims that Mr. Silveria "suffered more than one adverse action" related to his "protected activity disclosures." SAC ¶ 104. Defendant argues that the Court does not have jurisdiction to hear any of Mr. Silveria's claims related to violations of the Whistleblower Protection Act ("WPA") because he failed to exhaust all claims—unless the WPA claim is related to his removal claim. Mot. at 12. Mr. Silveria argues that he exhausted his WPA claims because he initiated OSC investigations, along with fellow whistleblowers. Opp. at 16. Mr. Silveria cites to his declaration, which includes several exhibits, detailing his whistleblowing activities with

fellow coworkers—Lydia Cheney, Rustyann Brown, and Roselyn Tolliver—all of whom were from the VA Regional Office in Oakland.  Silveria Decl. at ¶¶ 18, 19.  The whistleblowing eventually prompted the OSC to pen a letter to the White House, which read in relevant part:

> Pursuant to my duties as Special Counsel, I am forwarding a Department of Veterans Affairs' (VA) report based on disclosures of wrongdoing at the Department of Veterans Affairs (VA), Veterans Benefits Administration (VBA), Oakland VA Regional Office (VARO), Oakland, California.  I have reviewed the report and, in accordance with 5 U.S.C. §1213(e), provide the following summary of the agency report, whistleblower comments, and my findings.  The whistleblowers, Rustyann Brown, a former claims assistant, Roselyn Tolliver, a veterans service representative, and Lydia Cheney, a veterans service representative, who consented to the release of their names, disclosed that employees at the Oakland VARO failed to properly process a large number of informal requests for benefits and formal benefit applications, dating back to the mid-1990s.

Silveria Decl., Ex. E11.  The whistleblowing also resulted in Mr. Silveria penning a letter to Congressman LaMalfa, which he read on the House floor before Congress.  SAC ¶ 111.

The WPA is part of the integrated statutory scheme of the CSRA.  *See Kerr*, 836 F.3d at 1058.  The WPA "prohibits adverse personnel actions against federal employees in reprisal for" certain enumerated whistleblowing activities.  *Spruill v. Merit Sys. Prot. Bd.*, 978 F.2d 679, 682 (Fed. Cir. 1992).  Judicial review in federal district court is available only with respect to a WPA claim that is brought as a "mixed" claim—one that alleges that the basis for the adverse personnel action was retaliation for whistleblowing activities ***and*** discrimination.  *See Ardalan v. McHugh*, 2014 WL 3846062, at *11 (N.D. Cal. Aug. 4, 2014); *Kerr*, 836 F.3d at 1054.  Otherwise, jurisdiction over all other WPA appeals lies with the U.S. Court of Appeals for the Federal Circuit. *Ardalan*, 2014 WL 3846062, at *11.

In order to be judicially reviewable in district court, a WPA claim must be presented to and considered by the MSPB because judicial review is deferential.  *See Kerr*, 836 F.3d at 1057–58.  If there is no "administrative record to review" and "no decision to which a court may defer," a district court is unable to apply the appropriate standard of review.

The MSPB did, in fact, consider Mr. Silveria's WPA claim in connection with his removal appeal.  In the MSPB's August 1, 2017 decision, it stated that

1

2

3

4

> It is undisputed that the appellant amended his [2014] EEO complaint to challenge his removal *before* he filed a complaint with the OSC . . . . I find that the EEO process was the remedy first elected by the appellant to challenge his removal . . . . The first forum that he elected, the EEO process, adequately preserved both his Board appeal, and his right to raise a claim of Whistleblower retaliation . . . in a subsequent Board appeal.

5   RJN, Ex. 5 at 9 (emphasis added).  The MSPB then went on to consider Mr. Silveria's

6   whistleblower claim but eventually found against him.  *Id*. at 31–32.  Thus, Mr. Silveria has

7   exhausted his whistleblower claim by presenting it to the MSPB, but only as it related to his

8   removal claim.  Defendant argues that even if Mr. Silveria's exhausted his whistleblower claims, it

9   should still be dismissed because "jurisdiction over WPA appeals lies with the Federal Circuit

10  Court of Appeals.  U.S.C. § 1221(h)(1).  The only exception, which Defendant concedes, is for a

11  WPA claim properly pleaded as a "mixed claim," and Defendant claims the SAC does not plead a

12  mixed claim.  Reply at 5.  Additionally, at the hearing, Defendant argued that even if Mr.

13  Silveria's WPA claim is properly exhausted and before the Court, the scope of the alleged

14  protected activity must be restricted to those related to his 2014 removal.

15      As discussed above, the MSPB considered Mr. Silveria's WPA claim in connection with

16  his mixed claim when he challenged his 2014 removal.  Mr. Silveria's WPA claim is, therefore,

17  properly exhausted and before the Court but only if it is pled as a mixed claim.  Moreover, the

18  only whistleblowing allegations that were before the MSPB were alleged protected activities

19  spanning from September 17, 2012 through May 14, 2014, which are detailed in the MSPB's

20  August 1, 2017 decision.  RJN, Ex. 5 at 24–25.  However, Mr. Silveria has failed to plead a mixed

21  claim in this Court.  As explained in detail below, Defendant's motion to dismiss Mr. Silveria's

22  second claim for relief under the Whistle Blower Protection Act is **GRANTED without**

23  **prejudice**.

24  C.    Failure to State a Claim:  Rehabilitation Act (Fourth Claim)

25      In the SAC, Mr. Silveria claims that he suffered from "[d]isability discrimination for

26  wrongful termination/removal with reasonable accommodations pending 8 days after the

27  plaintiff's letter was read to Congress regarding protected disclosures and harmful procedural

28  error, in violation of the Rehabilitations Act."  SAC ¶ 137.  This is Mr. Silveria's June 26, 2014

removal claim.

Defendant argues that Mr. Silveria's claim under the Rehabilitation Act must be dismissed for failure to state a claim of disability discrimination under Rule 12(b)(6). Mot. at 18. In granting Defendant's motion to dismiss the FAC, the Court forecasted that any amended pleading must including "factual allegations regarding: **what is his disability; whether he is a qualified employee; who discriminated against him; and what discrimination took place.**" Docket No. 60 (emphasis added).

### 1. Disability Discrimination

To state a *prima facie* case of discrimination under the Rehabilitation Act, Mr. Silveria must demonstrate that (1) he is a person with a disability, (2) who is otherwise qualified for employment as a Rating Veterans Service Representative, meaning that he can perform the essential duties of this position with or without reasonable accommodation, and (3) suffered discrimination because of his disability. *See Walton v. U.S. Marshals Serv.*, 492 F.3d 998, 1005 (9th Cir. 2007). Defendant claims that the SAC still does not adequately allege any of the foregoing required elements. Mot. at 18.

#### a. What is Mr. Silveria's Disability?

Mr. Silveria alleges that he is "a 100% permanently and totally disabled service-connected Veteran who has been diagnosed with and/or suffers from GERD, ulcers, multiple brain injuries, vision loss, migraines, psoriasis, psoriatic arthritis, back plain, shoulder pain, knee pain, and a reconstructed ankle, with more than one major life limiting disability." SAC ¶¶ 61, 97.

For purposes of the Rehabilitation Act, "disability" is defined as "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual, (B) a record of such an impairment, or (C) being regarded as having such an impairment." *Walton*, 492 F.3d at 1005 (citing 42 U.S.C. § 12102(2)). A bare allegation that a plaintiff has an impairment, "without more, is a 'formulaic recitation of the elements of a cause of action' under the ADA and does not satisfy [the] pleading obligations." *Klamut*, 2015 WL 9024479, at *7 (quoting *Twombly*). Courts in this District "have generally required the plaintiff to plead the disability with some factual specificity." *Bresaz v. County of Santa Clara*, 2015 WL 1230316, at

*6 (N.D. Cal. Mar. 17, 2015).

Notwithstanding Mr. Silveria's list of alleged disabilities, he fails to specifically allege in his complaint that at least one of these disabilities affects a major life activity. Defendant argued that Mr. Silveria must specifically identify which alleged disability was the cause of his termination. *See McCarthy v. Brennan*, No. 15-CV-03308-JSC, 2016 WL 946099, at *9 (N.D. Cal. Mar. 14, 2016) ("Plaintiff has alleged enough facts for the Court to conclude that he may qualify as disabled based on his various mental health diagnoses . . . and has even alleged that Defendant knew of at least some of these diagnoses . . . , but he has failed to specify which condition was purportedly the basis of a discriminatory adverse employment action"). However, Defendant has not offered, and the Court has not found, binding authority that requires this heightened level of specificity when a plaintiff has multiple disabilities. As such, to satisfy the first element of pleading a *prima facie* case of disability discrimination, Mr. Silveria must identify what disability caused what limitations to a major life activity.

b.      Whether Mr. Silveria is a Qualified Employee

An "otherwise qualified person" is "one who can perform 'the essential functions' of the job in question." *Sch. Bd. of Nassau County, Fla. v. Arline*, 480 U.S. 273, 288 n. 17 (1987). "When a handicapped person is not able to perform the essential functions of the job, the court must also consider whether any 'reasonable accommodation' by the employer would enable the handicapped person to perform those functions." *Id*. An accommodation is not reasonable if it "imposes 'undue financial and administrative burdens.'" *Id*.; *see also Dark v. Curry County*, 451 F.3d 1078, 1086 (9th Cir. 2006). In order to adequately allege this element, a complaint must specify: (1) the plaintiff's position at the time he allegedly suffered discrimination; (2) the essential functions of that position, and (3) that the plaintiff was capable of performing these functions, with or without accommodations. *See id*.

Defendant argues that the SAC suffers from the same defects as the FAC such that it does not include the qualifications for his position or whether he was qualified at the time of his removal. Although the SAC sets forth Mr. Silveria's disability and medical conditions, it does not sufficiently identify the essential functions of the position that he held. The SAC provides his job

title but does not describes any functions for which a Rating Veterans Service Representative is responsible. It also does not allege that Mr. Silveria could perform those functions with or without a reasonable accommodation. In order to determine whether a plaintiff is a qualified individual, "[t]he court first examines whether the individual satisfies the 'requisite skill, experience, education and other job-related requirements' of the position. The court then considers whether the individual 'can perform the essential functions of such position' with or without a reasonable accommodation." *Bates v. United Parcel Serv.*, 511 F.3d 974 989 (9th Cir. 2007).

The SAC makes two allegations regarding Mr. Silveria's qualifications. First, he claims that between 2009 and 2012, he received performance evaluations of exceptionally qualified "for more than one position" and received "VA performance awards." SAC ¶ 47. Second, Mr. Silveria alleges that "[b]ased on the evidence provided to the courts and to the defendants, the plaintiff was more than qualified, he was exceptional when allowed adequate reasonable accommodations until his complaints. Due to VA not providing the accommodations they were able to affect his disabilities and drive his performance down . . . ." *Id*. ¶ 119.

The SAC's allegations are insufficient to allege that Mr. Silveria could have performed the essential functions of a Rating Veterans Service Representative with or without reasonable accommodation at the time of the alleged unlawful action taken against him. *See Iqbal*, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" (quoting *Twombly*, 550 U.S. at 555)). To satisfy this element, Mr. Silveria must allege what the essential job functions of his job were and that he could perform these functions with reasonable accommodation. Mr. Silveria must also identify the proposed reasonable accommodation.

> c. Who Discriminated Against Mr. Silveria, and What Discrimination Took Place?

Lastly, Mr. Silveria does not adequately allege that he was subject to an adverse employment action ***because*** of his disability. He also does not allege who made the discriminatory removal. In the SAC, it alleges that "[t]he plaintiff was removed in June 2014 . . ." and it lists Kwok, Markey, Uldricks, Mims, and Bird in a preceding heading to this allegation. On

its face, the SAC does not provide sufficient information as to who discriminated against him. Moreover, under the heading "[d]isability discrimination for wrongful termination/removal," the SAC alleges that this claim for relief is against "agency head Wilkie, HR Pennerman, assistant director Kwok, service center manager Markey, and OGC" without specifying who did what. In order to plead a Rehabilitation Act claim Mr. Silveria must plead factual allegations regarding what discrimination took place and who directed this discrimination against him.

### 2. Failure to Reasonably Accommodate

To state a prima facie case for failure to accommodate a disability, a plaintiff must show that (1) he is disabled, (2) he is a qualified individual, and (3) that a reasonable accommodation is possible. *Zukle v. Regents of the Univ. of Cal.*, 166 F.3d 1041, 1045 (9th Cir.1999); *Buckingham v. United States*, 998 F.2d 735, 739–40 (9th Cir.1993). To the extent that Mr. Silviera is also pursuing a failure-to-reasonably-accommodate claim in connection with his removal claim, the first two elements suffer from the same deficiencies as the disability discrimination claim— namely, that he must identify a majority life activity that is affected by his disability and that he is an otherwise qualified individual for his prior position. As to the third element, Mr. Silveria must identify what reasonable accommodation he requested, and whether such accommodation would allow him to perform the essential job functions of his prior position. A "reasonable accommodation" is defined as "[m]odifications or adjustments to the work environment, or to the manner or circumstances under which the position held or desired is customarily performed, that enable an individual with a disability who is qualified to perform the essential functions of that position[.]" 29 C.F.R. § 1630.2(o)(ii). The SAC does, however, claim that he requested an ergonomic set up as a reasonable accommodation and that he completed an AT Consulting ergonomics evaluation (SAC ¶ 81), but this does not shed light as to what the essential job duties are. If Mr. Silveria wishes to pursue a claim for failure to reasonable accommodate, he must specifically allege in his complaint what accommodation he required, and whether such accommodation would allow him to perform the essential job duties. Simply attaching a doctor's note with not suffice.

Accordingly, Defendant's motion to dismiss the SAC's fourth claim for relief under the

Rehabilitation Act is **GRANTED without prejudice**. Regarding Mr. Silveria's Whistleblower Protect Act claim, he must plead it as a mixed-case with his removal claim in order for it to be properly before the Court. As such, Defendant's motion to dismiss as to the SAC's second claim for relief **GRANTED without prejudice**. *See Ardalan v. McHugh*, 2014 WL 3846062, at *11 (N.D. Cal. Aug. 4, 2014) (district court granting Plaintiff leave to amend—but only in order to plead her claim in a way that would permit the Court to exercise jurisdiction. The Court directed Plaintiff to amend her initial complaint in order to plead a "mixed case," which requires that the adverse personnel action about which Plaintiff seeks redress was motivated both by retaliation for whistleblowing *and* discrimination based on protected status.").

## V. <u>CONCLUSION</u>

For the foregoing reasons, Defendant's motion to dismiss is granted. More specifically:

- Claim 1: Mr. Silveria's claim stemming from his 2013 EEO Claim for disability discrimination, termination, and harassment is **DISMISSED with leave to amend** in order for him to allege that he sufficiently exhausted this claim by requesting reconsideration in his August 11, 2017 e-mail;

- Claim 3: Mr. Silveria's claim for denial of his within-grade increase is **DISMISSED without leave to amend** because he failed to bring the claim before the Federal Circuit in the allotted timeframe, despite his requests for consolidation with the removal claim;

- Claim 2 & 4: Mr. Silveria's Rehabilitations Act and Whistleblower Protection Act claims are **DISMISSED with leave to amend**. Mr. Silveria must sufficiently plead each element of his Rehabilitation Act claim. Mr. Silveria must plead his Whistleblower Protection Act claim as a mixed claim in order to be exhausted before the Court.

- Claim 5: Mr. Silveria's five discrete acts that comprise the non-mixed claim in his 2014 EEO Claim are recently exhausted as of July 19, 2019, but are currently not pled in his complaint. Such claims are **DISMISSED with leave to amend**.

The amended complaint shall be filed and served by October 15, 2019.

This order disposes of Docket No. 64.

**IT IS SO ORDERED**.

Dated: September 12, 2019

_____
EDWARD M. CHEN
United States District Judge