UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY J. SILVERIA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ROBERT WILKIE, et al.,<br><br>　　　　　Defendants. | Case No. 18-cv-07327-EMC<br><br>**ORDER DISMISSING PLAINTIFF'S THIRD AMENDED COMPLAINT WITH PREJUDICE**<br><br>Docket No. 84 |

　　　　Plaintiff Anthony J. Silveria, proceeding *pro se*, initiated this case in E.D. Cal. in February 2018. He asserted claims of employment discrimination and whistleblower retaliation against the Secretary of the U.S. Department of Veteran. The case was ultimately transferred to the Northern District because the alleged unlawful employment practice occurred in VA's Oakland office. Defendant has successfully moved for a dismissal twice—against the first and second amended complaints. *See* Docket Nos. 18 and 43. Mr. Silveria subsequently filed his third amended complaint (Docket No. 80, "TAC"), and now Defendant moves to dismiss again, but with prejudice. Docket No. 84 ("Mot."). This Court vacated the January 16, 2020 hearing and decided the motion on the papers pursuant to Civil Local Rule 7-1(b).

　　　　Based on the foregoing, the Court **GRANTS** Defendant's motion to dismiss **with prejudice** for failure to exhaust administrative remedies and failure to state a claim.

## I.　　FACTUAL & PROCEDURAL BACKGROUND

A.　Procedural History

　　　　Mr. Silveria filed the present lawsuit on February 23, 2018. Docket No. 1. This case was transferred to this Court on December 4, 2018, following Defendant's motion to dismiss for

improper venue. Docket Nos. 25, 26. Then, in dismissing Mr. Silveria's FAC, this Court encouraged Mr. Silveria to contact the Pro Se Help Desk and instructed him to group his factual allegations by each specific claim of each alleged unlawful act. Docket No. 59. In his second amended complaint, Mr. Silveria pled five claims for relief:

>  (1) a claim stemming from his 2013 EEO Claim for disability discrimination, termination and hostile work environment;
>
>  (2) violation of the Rehabilitations Act;
>
>  (3) denial of his within-grade increase;
>
>  (4) violation of the Whistleblower Protection Act; and
>
>  (5) a claim arising out of five discrete acts under his 2014 EEO Claim.

This Court ruled against the SAC on the merits. *See* Docket No. 79 ("Dismissing Order"). Claim (1) was dismissed with leave to amend, if Mr. Silveria could plead that he timely requested reconsideration. Claims (2) and (4) were dismissed with leave to amend to plead each element of the Rehabilitation Act claim and to plead the Whistleblower Protection Act claim as a mixed claim for purposes of exhaustion. Claim (5) was dismissed with leave to amend, following Mr. Silveria's receipt of his right-to-sue letter from the EEOC on July 19, 2019.[1] Claim (3) was dismissed with prejudice for failure to exhaust administrative remedies.

Mr. Silveria's TAC now contains seven[2] claims for relief—some are new, and some are re-pled despite this Court dismissing them with prejudice, but they all appear to derive from his five claims on which this Court previously ruled.

Initially, Mr. Silveria did not file an opposition to the pending motion to dismiss. This Court then issued an order to show cause as to why his case should not be dismissed for failure to

---

[1] Mr. Silveria has filed a separate case for this claim for relief, bearing Case No. 19-cv-6600-EMC.

[2] (1) Disability discrimination under the Rehabilitation Act; (2) Harassment under 5 U.S.C. § 2302; (3) Retaliation under 5 U.S.C. § 2302; (4) Retaliation under the Whistleblower Protection Act; (5) Failure to reasonably accommodate under the Rehabilitation Act prior to within-grade increase denial; (6) Failure to reasonably accommodate under the Rehabilitation Act prior to wrongful termination/removal; and (7) Failure to reasonably accommodate under the Rehabilitation Act prior to termination/removal because of disabilities and whistleblowing.

2

prosecute and to file a substantive response to Defendant's motion. Docket No. 98. In Mr. Silveria's response to the Court's OSC, he took the position that "[t]he defendant's motion to dismiss . . . does not provide any new arguments that weren't already adjudicated . . . ." Docket No. 99 ("OSC Resp.") at 18. As such, Mr. Silveria does not substantively respond to this motion on the merits; instead, he maintains that an opposition was not required because this Court ruled on these identical arguments.

B. Factual Background

Mr. Silveria served in the U.S. Marine Corps from 1989 to 1999. TAC ¶ 46. Thereafter, he worked as a federal employee with the U.S. Department of Veteran Affairs ("VA") from September 2009 until his removal in June 2014 where he most recently served as a Rating Veterans Service Representative ("RVSR"). *Id*. ¶ 111–12. Mr. Silveria claims to suffer from many disabilities: traumatic brain injury ("TBI"); concussions with Tinnitus migraines; anxiety; post-traumatic headaches from TBI; neck sprain; cervical injury; thoracolumbar spine strain with degenerative arthritis; right shoulder slap tear surgical repair; left shoulder a/c joint arthritis and supraspinatus tear; bilateral knee strain with Osgood Slaughters disease; b/l hearing loss and tinnitus from TBI and MP/K-9 duties; sinusitis and allergic rhinitis; psoriasis; psoriatic arthritis; GERD; duodental/gastric ulcer with hemorrhage; right elbow strain; right hand fracture of fifth metacarpal; right wrist sprain; migraine headaches; tension headaches; sinus headaches; asthma; right ankle sprain; left ankle ligament tear with surgical repair; cuboid fracture with surgical repair; anxiety disorder; depression; and right retinal hemorrhage. TAC ¶¶ 82–107. These alleged disabilities affect major life activities: (1) cannot stand for longer than fifteen minutes without the need to sit and elevate his leg for pain relief; (2) experiences tingling in his fingers from past surgery; and (3) has difficulty lifting anything over ten pounds. *Id*. ¶ 116. Despite receiving positive performance evaluations prior to 2012, he began experiencing discrimination, harassment, and retaliation because of his "protected disclosures to the OSC, EEOC, FLRA, Congress, and the VA OIG." *Id*. ¶ 152. His factual allegations can be summarized as follows—he was:

- Disciplined for failing to comply with the VA's leave request procedures, which he

3

1     alleges were created "just for him."  *Id*. ¶¶ 141, 163, 167, 172–77.

- Discriminatorily charged absent without leave ("AWOL") for attending medical appointments and going home sick.  *Id*. ¶¶ 145, 156–62, 177, 181–82.
- Wrongfully denied a within-grade increase.  *Id*. ¶¶ 147, 160, 164, 178.
- Denied reasonable accommodations in the form of an ergonomic chair and workstation setup.  *Id.* ¶¶ 134–38, 142, 146–48.
- Harassed because of his disability and for reporting to the EEOC.  The acts of harassment came in the form of within-grade increase denial, receiving a performance evaluation with no rating, verbal abuse, increase scrutiny, subjected to false rumors, followed around work, not permitted to take breaks, and threatened with his life.  *Id*. ¶¶ 152–55, 215–19.
- Removed from federal service for disability-related absences that triggered the VA's attendance policy.  *Id*. ¶¶ 140, 144, 190–91.
- Failed to receive his final paycheck.  *Id*. ¶ 188.
- After his removal, given Mr. Silveria's potential employers negative references by the VA.  *Id*. ¶ 143.

C.  Administrative Proceedings

In the Dismissing Order, this Court laid out the procedural background preceding Mr. Silveria's complaint in federal court.  It is reproduced herein with only one addition, which came before the Court for the first time in the last hearing:  on July 19, 2019, Mr. Silveria received a right-to-sue letter pertaining to this non-mixed case from the EEOC.

Two formal EEO complaints are the predicate to the claims before this Court.  Below is a timeline of Mr. Silveria's claims and his appeals thereafter.

- **January 29, 2013**—Mr. Silveria initiated an EEO complaint ("2013 EEO Claim") and asserted a claim of discrimination and hostile work environment on the basis of national origin, reprisal, and disability.  Barnhart Decl., Ex. 1.
- **April 19, 2014**—Mr. Silveria initiated a second EEO complaint ("2014 EEO

Claim") asserting the following: (1) a non-mixed-case claim[3] that Mr. Silveria was subjected to a hostile work environment and five discrete acts based on disability and reprisal by events occurring between July 2013 and July 2014; (2) a mixed-case claim based on a request for reconsideration for the denial of Mr. Silveria's within-grade increase; and (3) a mixed-case claim that Mr. Silveria was subjected to discrimination based on disability and reprisal when he was removed from employment effective June 29, 2014 (the "Removal Claim").[4]

- **April 21, 2014**—The 2013 EEO Claim was denied in an ORM Final Agency Decision, and that decision was affirmed by the EEOC's Office of Federal Operations ("OFO") on **July 13, 2017**. Plaintiff did not timely seek judicial review of that decision. Barnhart Decl. ¶ 6.

- **July 7, 2015**—the ORM referred the mixed case to the Office of Employment Discrimination Complaint Adjudication ("OEDCA") and it issued a Final Agency Decision ("FAD") that found no discrimination from VA's actions in the 2014 EEO Claim.[5] Mr. Silveria appealed the two mixed-case decisions to the Merit Service Protection Board ("MSPB"), and the MSPB separated them into two appeals.

- **January 6, 2017**—the MSPB held that it did not have jurisdiction to consider the denial of Mr. Silveria's request for reconsideration regarding his within-grade

---

[3] "A mixed case complaint is a complaint of employment discrimination filed with a federal agency based on race, color, religion, sex, national origin, age, disability, or genetic information related to or stemming from an action that can be appealed to the . . . [MSPB]." 29 C.F.R. § 1614.302(a)(1). "A mixed case appeal is an appeal filed with the MSPB that alleges that an appealable agency action was effected, in whole or in part, because of discrimination on the basis of race, color, religion, sex, national origin, disability, age, or genetic information." 29 C.F.R. § 1614.302(a)(2).

[4] The removal claim was added by an amendment on July 24, 2014.

[5] Regarding Mr. Silveria's denial of a within-grade increase, the FAD stated that he was denied "because, when in the office, he never completed any work, and therefore did not qualify for the increase." First RJN, Ex. 3 at 4. Regarding his removal claim, the FAD found that the removal was not pretext for discrimination because he "failed to provide adequate supporting documentation for his continued absences, along with his well-documented inappropriate conduct, insubordination and prior disciplinary action . . ." *Id.*, Ex 3 at 7.

5

increase claim.[6] Mr. Silveria was advised that he had 60 days to request review by the U.S. Court of Appeals for the Federal Circuit. Docket No. 65 ("First RJN") Ex. 4. The Federal Circuit PACER system contains no record of any case filed by Mr. Silveria.

- **August 1, 2017**—the MSPB affirmed the ORM's denial of Mr. Silveria's removal claim, finding that the removal was not based on disability discrimination or whistleblower retaliation. The MSPB notified Mr. Silveria of his appeal rights to the EEOC or file a civil action in an appropriate U.S. District Court. Mr. Silveria elected to appeal to the EEOC.
- **January 24, 2018**—the EEOC's decision affirmed the MSPB's removal finding, and it issued a right-to-sue letter on Mr. Silveria's removal claim, informing him of his right to sue in federal district court within thirty (30) days, which led to this lawsuit.
- **July 19, 2019**—Mr. Silveria received a right-to-sue letter pertaining to this non-mixed case from the EEOC.

As stated in the Dismissing Order, the 2013 EEO Claim is only exhausted if Mr. Silveria can properly plead that he timely requested reconsideration because, at the time of the last hearing, the Court only had a one-page e-mail indicating he sought reconsideration. The Court did not have any additional details regarding the extent the request for reconsideration was received, processed, and/or decided. The 2014 EEO Claim was responsible for three claims before this Court, as mentioned above: (1) hostile work environment and five discrete acts based on disability and reprisal by events occurring between July 2013 and July 2014; (2) the denial of Mr. Silveria's within-grade increase; and (3) a mixed-case claim based on his removal on June 29, 2014. Mr.

---

[6] The MSPB did not have jurisdiction because Mr. Silveria filed a union grievance on the initial denial of his within-grade increase, but he did not file a grievance on the subsequent denial of his request for reconsideration of the denial. This distinction is critical because only the denial of such a request for reconsideration can be appealed to the MSPB. The initial denial of the within-grade increase is considered a separate action, which is not appealable to the MSPB. First RJN, Ex, 3 at 5. Under 5 U.S.C. § 2302(b)(1), a claimant may file a complaint in the EEO process, or file a grievance pursuant to the negotiated procedure, but not both.

6

1  Silveria's claim regarding denial of his within-grade increase was denied with prejudice for failure
2  to exhaust.

3  Thus, Mr. Silveria's Removal Claim is the only claim subject to Defendant's current motion to dismiss.[7] This is so because, as explained below, it was considered by the MSPB and is therefore the only administratively-exhausted claim.

## II. LEGAL STANDARDS

### A. Rule 12(b)(1)

Under Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss for lack of subject matter jurisdiction. When subject matter jurisdiction is challenged, "the party seeking to invoke the court's jurisdiction bears the burden of establishing that jurisdiction exists." *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986). A Rule 12(b)(1) motion will be granted if the complaint, when considered in its entirety, on its face fails to allege facts sufficient to establish subject matter jurisdiction. *See Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 (9th Cir. 2003).

### B. Rule 12(b)(6)

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint that fails to meet this standard may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Fed. R. Civ. P. 12(b)(6). To overcome a Rule 12(b)(6) motion to dismiss after the Supreme Court's decisions in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), a plaintiff's "factual allegations [in the complaint] 'must . . . suggest that the claim has at least a plausible chance of success.'" *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014). The court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St.*

---

[7] The claim comprised of hostile work environment and five discrete acts was filed in a separate complaint, bearing a separate case no.19-cv-6600-EMC. The parties stipulated to relating the case; then, they stipulated to consolidating the matters. This Court granted both and ordered Mr. Silveria to file a consolidated complaint *after* the resolution of this motion to dismiss. But, instead, he prematurely filed a consolidated complaint while this motion was pending.

7

*Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). But "allegations in a complaint . . . may not simply recite the elements of a cause of action [and] must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Levitt*, 765 F.3d at 1135 (internal quotation marks omitted).[8] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted).

## III. DISCUSSION

Defendant contends that the TAC should be dismissed because: (1) the Court lacks subject matter jurisdiction on all claims except his Removal Claim; (2) Mr. Silveria fails to state a claim under the Rehabilitation Act; (3) Mr. Silveria fails to state a claim for disability retaliation; and (4) Mr. Silveria fails to plead his Whistleblower Protection Act claim as a mixed claim, which is required for it to be sufficiently exhausted. These arguments are in addition to Defendant's preliminary argument, which is that this case should be dismissed for failure to substantively respond to the motion to dismiss. In light of Plaintiff's pro se status, the Court will not accept Defendant's preliminary argument, and will address the merits.

A. Exhaustion of Administrative Remedies

A court may not entertain employment discrimination claims by a Federal-employee plaintiff unless he or she has first exhausted the administrative process required by federal statute. *See Brown v. GSA*, 425 U.S. 820, 832 (1976); *Thompson v. Brennan*, 2018 WL 558934, at *3 (N.D. Cal. Jan. 25, 2018). "[S]ubstantial compliance with the presentment of discrimination complaints to an appropriate administrative agency *is* a jurisdictional prerequisite." *Sommatino v. U.S.*, 255 F.3d 704, 708 (9th Cir. 2001) (emphasis in original). Newly-raised discrimination claims falling outside the scope of an administratively-considered complaint must be dismissed.

---

[8] A court "need not . . . accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

8

*Vasquez v. County of Los Angeles*, 349 F.3d 634, 644 (9th Cir. 2003). The exhaustion requirement applies equally to Rehabilitation Act claims. *See Leorna v. U.S. Dep't of State*, 105 F.3d 548, 550 (9th Cir. 1997); *Thompson*, 2018 WL 558934, at *3.

The ordinary procedure for a federal employee who seeks to exhaust her Rehabilitation Act claims is to initially file an EEO complaint with her agency and then, once the agency has issued its final decision, appeal that decision to either the EEOC or a federal district court. *Sloan v. West*, 140 F.3d 1255, 1259 (9th Cir. 1998) (citing 29 C.F.R. § 1614.310(a)). An employee may also file an action in district court if—after 180 days from the date of appealing to the EEOC—the EEOC does not issue a final decision on the matter. 29 U.S.C. § 1614.407(b).

The Civil Service Reform Act ("CSRA") created the Merit System Protection Board ("MSPB"), which is a "quasi-judicial Government agency" that adjudicates Federal employee appeals of agency personnel actions. *Id*. at 1258–59. "Generally, the MSPB is authorized to review 'adverse employment actions,' which fall into one of five categories: a removal, a suspension for more than 14 days, a reduction in grade, a reduction in pay, or a furlough of 30 days or less." *Sloan*, 140 F.3d at 1259.

The MSPB also has pendent jurisdiction over discrimination claims brought in connection with an "adverse action" otherwise appealable to it. 29 C.F.R. § 1614.302. This means that an employee seeking to pursue a claim of discrimination that is related to an adverse action (a "mixed" claim) has two options: (1) she can file a "mixed case complaint" with the agency EEO department that can then be appealed to the MPSB; or (2) she can file a "mixed case appeal" directly with MSPB. 29 C.F.R. § 1614.302(b).

"A mixed case complaint is a complaint of employment discrimination filed with a federal agency based on race, color, religion, sex, national origin, age, disability, or genetic information related to or stemming from an action that can be appealed to the . . . [MSPB]." 29 C.F.R. § 1614.302(a)(1). "A mixed case appeal is an appeal filed with the MSPB that alleges that an appealable agency action was effected, in whole or in part, because of discrimination on the basis of race, color, religion, sex, national origin, disability, age, or genetic information." 29 C.F.R. § 1614.302(a)(2).

When a mixed case is appealed to the MSPB, the MSPB must determine whether it has jurisdiction over the employee's claims. A finding by the MSPB that it lacks jurisdiction to hear a claim at one time was only appealable to the United States Court of Appeals for the Federal Circuit; now, such a finding is appealable to a district court. *See Perry v. Merit Sys. Prot. Bd.*, 137 S. Ct. 1975, (2017). On the other hand, if the MSPB finds it has jurisdiction over the appeal, then the administrative judge decides the claim(s) on the merits (of both the discrimination and adverse action claims); the employee then has the option of seeking further MSPB review. *Sloan*, 140 F.3d at 1260. If the employee does not appeal the ALJ's decision to the MSPB panel within 30 days, the AJ's decision becomes final and the employee can either appeal any related discrimination claims to the EEOC or file an action in the federal district court as to the discrimination claim. *Id.*

In the case at bar, Defendant claims that Mr. Silveria has failed to plead administrative exhaustion of all claims except his Removal Claim. Mot. at 5. More specifically, Defendant argues that the within-grade increase claim cannot be replead because it was dismissed with prejudice, *id*. at 7, and any claims arising under the 2013 EEO Claim must fail because there are no additional factual allegations establishing Mr. Silveria requested reconsideration. *Id*. at 11.

1. Within-grade Increase Claim

This Court dismissed Mr. Silveria's within-grade increase claim with prejudice because he did not timely seek review in the Federal Circuit within sixty (60) days after the date of the MSPB's decision, which denied his appeal for lack of jurisdiction. *See* Dismissing Order at 13. However, Mr. Silveria continues to allege this claim in his TAC. *See* TAC ¶¶ 48–76. If Mr. Silveria disagreed with this Court's prior order, his proper recourse was a motion for reconsideration pursuant to Civil Local Rule 7-9. He did not file such motion. Accordingly, this Court **GRANTS** Defendant's motion to dismiss the within-grade increase claim **with prejudice**.

2. 2013 EEO Claim

On July 13, 2017, Mr. Silveria was advised that he had 30 days to file a request for reconsideration with the OFO, and 90 days to file a civil action following the denial of his 2013 EEO Claim. He did not file a civil action. At the last hearing on Defendant's motion to dismiss

10

the SAC, Mr. Silveria pointed the Court's attention to an e-mail dated August 11, 2017, with a subject line that read "Request for consolidation of EEOC claims, request for identity protection, and *request for reconsideration of EEOC OFO claim.*" Because it appeared that Mr. Silveria made *some* attempt to request reconsideration of his 2013 EEO Claim, this Court dismissed the claim with leave to amend so Mr. Silveria is provided an opportunity to plead the details surrounding this request.

Mr. Silveria has not plead new factual allegations in his TAC to support exhaustion—*i.e.*, Mr. Silveria has *not* plead how and when he submitted his request for reconsideration, whether he received some sort of receipt after his submission to record his formal request, or whether he ultimately heard back from the EEOC regarding the request's outcome. As Defendant points out, Mr. Silveria does not provide a proof of service regarding any submission to the EEOC or OFO. Mot. at 12. Nor does Mr. Silveria attach the complete version of the e-mail that led this Court to grant him leave to amend.[9] Instead, Mr. Silveria attached what purports to be a copy of a receipt from the U.S. Postal Service (marked as Exhibit A27 to his TAC) dated August 12, 2017, indicating that he sent *something* to the EEOC/OFO. TAC, Ex. A27. There is no indication on the face of this exhibit that Mr. Silveria submitted a request for reconsideration. The only showing of a request for reconsideration was the one-page e-mail with "request for reconsideration" in the subject line that was attached to his opposition to Defendant's motion to dismiss the SAC. This is insufficient.

Because Mr. Silveria has failed to amend his pleading with factual allegations demonstrating that he submitted a substantive request for reconsideration and that it was actually received and considered by the EEOC, the Court now **GRANTS** Defendant's motion to dismiss the 2013 EEO Claim **with prejudice**.

3. 2014 EEO Non-mixed Claim

The 2014 EEO Claim contained one non-mixed claim, which is made up of a hostile work environment claim and five discrete acts. Docket No. 66 ("Collazo Decl.") ¶ 9, Ex. 2 at 3–5. At

---

[9] Mr. Silveria contends that if Defendant wants a complete copy, it can receive one during discovery. *See* OSC Resp. at 25.

11

the hearing on the motion to dismiss the SAC, Mr. Silveria provided the Court and Defendant (for the first time) with a copy of the EEOC's decision to forgo further investigations and issuing a right-to-sue letter, dated July 19, 2019. This Court granted Defendant's motion to dismiss without prejudice because this exhaustion was not plead in the SAC. Mr. Silveria, however, elected to file a separate complaint to pursue his non-mixed claims (instead of including it in the TAC), which the parties stipulated to relation and consolidation with this case. Therefore, this claim is not the subject of the current motion to dismiss because the Court ordered Mr. Silveria to file a consolidated complaint *after* the resolution of this pending motion.

### 4. Whistleblower Protection Act ("WPA") Claim

As discussed in the Dismissing Order, judicial review in federal district court is available only with respect to a WPA claim that is brought as a "mixed" claim—one that alleges the basis for the adverse personnel action was retaliation for whistleblowing activities *and* discrimination. *See Ardalan v. McHugh*, 2014 WL 3846062, at *11 (N.D. Cal. Aug. 4, 2014); *Kerr v. Jewell*, 836 F.3d 1048, 1054 (9th Cir. 2016). Otherwise, jurisdiction over all other WPA appeals lies with the U.S. Court of Appeals for the Federal Circuit. *Ardalan*, 2014 WL 3846062, at *11.

The MSPB considered Mr. Silveria's WPA claim in connection with his removal appeal. In the MSPB's August 1, 2017 decision, it stated that

> It is undisputed that the appellant amended his [2014] EEO complaint to challenge his removal *before* he filed a complaint with the OSC . . . . I find that the EEO process was the remedy first elected by the appellant to challenge his removal . . . . The first forum that he elected, the EEO process, adequately preserved both his Board appeal, and his right to raise a claim of Whistleblower retaliation . . . in a subsequent Board appeal.

First RJN, Ex. 6 at 9 (emphasis added). The MSPB then went on to consider Mr. Silveria's whistleblower claim but eventually found against him. *Id*. at 31–32. Thus, Mr. Silveria has exhausted his whistleblower claim by presenting it to the MSPB, but only as it related to his Removal Claim as a mixed claim because agency review over pure WPA claims lie exclusively with the Federal Circuit.

### B. Claims Properly Before This Court

In light of the foregoing, the only properly-exhausted claims before this Court are the

following: (1) disability discrimination under the Rehabilitation Act; (2) disability retaliation; and (3) whistleblower retaliation (as a mixed-claim).

1. Claims under the Rehabilitation Act

a. Disparate treatment

To state a *prima facie* case of discrimination under the Rehabilitation Act, Mr. Silveria must demonstrate that (1) he is a person with a disability, (2) who is otherwise qualified for employment as a Rating Veterans Service Representative, meaning that he can perform the essential duties of this position with or without reasonable accommodation, and (3) suffered discrimination because of his disability. *See Walton v. U.S. Marshals Serv.*, 492 F.3d 998, 1005 (9th Cir. 2007). In the Dismissing Order, this Court found that

> The SAC provides his job title but does not describes any functions for which a Rating Veterans Service Representative is responsible. It also does not allege that Mr. Silveria could perform those functions with or without a reasonable accommodation. In order to determine whether a plaintiff is a qualified individual, "[t]he court first examines whether the individual satisfies the 'requisite skill, experience, education and other job-related requirements' of the position. The court then considers whether the individual 'can perform the essential functions of such position' with or without a reasonable accommodation." *Bates v. United Parcel Serv.*, 511 F.3d 974, 989 (9th Cir. 2007).

Dismissing Order at 19–20.

Defendant argues even assuming *arguendo* that Mr. Silveria satisfies the first and third elements, Mr. Silveria still nonetheless fails to plead that he is a qualified individual under the Rehabilitation Act to satisfy this prong, Mr. Silveria must sufficiently plead that he is a qualified individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that he holds. *Dark v. Curry Cty.*, 451 F.3d 1078, 1086 (9th Cir. 2006). Defendant points to the TAC's allegations regarding Mr. Silveria's qualifications, but suggests that these allegations only speak to his qualifications from March 1, 2013—which was over a year before the discriminatory conduct at issue here. Mot. at 17.

The TAC pleads the essential functions of a RVSR. Specifically, a RVSR is responsible for "creating ratings for veterans' benefits claims, responding to veterans, typing up rating decisions, reviewing medical records, setting up examinations, creating VA documents, and

13

attending training to keep up on all the legal, Congressional, and VA changes." TAC ¶ 122. He also pleads his initial qualifications that led to his promotion to RVSR in 2012: "[h]e completed a Bachelor o[f] Arts degree, had military service, types 60 words per minute, and was considered a qualified individual with a disability by the VA VRE program . . . ." *Id.* ¶ 123. However, because this Rehabilitation Act claim derives from the 2014 EEO Claim, which only concerned his June 2014 removal claim, his TAC must plead that he was qualified *at the time of his removal*. Defendant correctly points out that the TAC does not contain such factual allegations. All factual allegations in the TAC that concern his qualifications fall within the 2012 and 2013 time period.

Accordingly, the Court **GRANTS** Defendant's motion to dismiss **with prejudice** because Mr. Silveria has failed to adequately amend his complaint to include factual allegations that he was a qualified individual at the time of his June 2014 removal.[10] The dismissal is with prejudice because Mr. Silveria decided to forego filing an opposition on the merits addressing the adequacy of his pleading.

### b. Failure to Accommodate

To state a *prima facie* case for failure to accommodate a disability, a plaintiff must show that (1) he is disabled, (2) he is a qualified individual, and (3) that a reasonable accommodation is possible. *Zukle v. Regents of the Univ. of Cal.*, 166 F.3d 1041, 1045 (9th Cir.1999); *Buckingham v. United States*, 998 F.2d 735, 739–40 (9th Cir.1993). A "reasonable accommodation" is defined as "[m]odifications or adjustments to the work environment, or to the manner or circumstances under which the position held or desired is customarily performed, that enable an individual with a

---

[10] The previous ordered advised Mr. Silveria of the following,

> The SAC's allegations are insufficient to allege that Mr. Silveria could have performed the essential functions of a Rating Veterans Service Representative with or without reasonable accommodation at the time of the alleged unlawful action taken against him. *See Iqbal*, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" (quoting *Twombly*, 550 U.S. at 555)). To satisfy this element, Mr. Silveria must allege what the essential job functions of his job were and that he could perform these functions with reasonable accommodation. Mr. Silveria must also identify the proposed reasonable accommodation.

14

disability who is qualified to perform the essential functions of that position[.]" 29 C.F.R. § 1630.2(o)(ii).

This Court previously dismissed this claim and instructed Mr. Silveria to "specifically allege in his complaint what accommodation he required, and whether such accommodation would allow him to perform the essential job duties." Dismissing Order at 21. Mr. Silveria continues to pursue a failure-to-accommodate claim in connection with his Removal Claim. Defendant contends that the claim is deficient because it fails to allege that Mr. Silveria could perform the essential functions of the RVSR position with a reasonable accommodation. Moreover, Defendant cites to the two reasonable accommodations identified in the TAC (*e.g.*, an ergonomic chair/workstation and consideration of alternative employment), but it argues that the TAC falls short because it fails to explain how these two accommodations would have enabled him to perform his essential job functions. Defendant also contends that there is no allegation that Mr. Silveria applied for a vacant position or anything to that effect.

As with the disability discrimination claim, the Court **GRANTS** Defendant's motion to dismiss **with prejudice** because Mr. Silveria has failed to adequately amend his complaint to include factual allegations that he was denied a reasonable accommodation or that such accommodation would have allowed him to perform the essential job functions of a RVSR.

        c.      Hostile Work Environment

The hostile-work-environment claim appears to arise from either the 2013 EEO Claim or the non-mixed claims relating to the 2014 EEO Claim. To the extent it stems from alleged acts that were the subject of the 2013 EEO Claim, it remains dismissed with prejudice as indicated above for failure to exhaust administrative remedies. If the alleged harassment arises from the 2014 EEO Claim's non-mixed claim, then it is not currently before this Court in this motion to dismiss. The Court, therefore, **GRANTS** Defendant's motion to dismiss the hostile-work-environment claim to the extent it stems from the 2013 EEO Claim **with prejudice** for failure to exhaust administrative remedies. The Court reserves ruling on the hostile-work-environment claims that are the subject of the action pending in the separate, related matter (Case No. 19-cv-6600-EMC).

#### d. Disability Retaliation

To state a claim for retaliation, a plaintiff must allege: (1) that he engaged in a protected activity; (2) that he was subsequently subjected to an adverse employment action; and (3) that a causal link exists between the two. *Manatt v. Bank of America*, 339 F.3d 792, 800 (9th Cir. 2003). This Court previously instructed Mr. Silveria to plead "what was the protected activity." Mot. at 21 (citing Docket No. 60).

Defendant argues that any disability-related retaliation claim must be dismissed for "failure to specify the protected activity that forms the basis of his EEO retaliation claim; failure to delineate the specific adverse actions taken in retaliation for the protected EEO activity; and failure to allege but-for causation." Reply at 7. While Defendant does not challenge that Mr. Silveria engaged in protected activity by engaging in the EEO process, his 2014 EEO Claim contains three legal theories on which he claimed retaliation: discrimination on the basis of sexual orientation (2012), national origin and physical disability (2013), and disability (2014). Defendant contends it is unclear what protected activity Mr. Silveria claims was the cause of the alleged retaliation. Mot. at 22. However, Mr. Silveria has not sufficiently pled what disability-related protected activity he engaged in that resulted in retaliation.

As with all the claims arising out of the 2014 EEO Claim and the Rehabilitation Act, the Court **GRANTS** Defendant's motion to dismiss **with prejudice** on the grounds that Mr. Silveria has failed to adequately plead a claim for disability-related retaliation.[11]

### 2. Whistleblower Retaliation

Without a viable Rehabilitation Act claim, Mr. Silveria's whistleblower claim fails because he must plead his WPA claim as a mix claim in order to be administratively exhausted. Therefore, the Court **GRANTS** Defendant's motion to dismiss Mr. Silveria's WPA claim **with prejudice** because it is unexhausted without a viable Rehabilitation Act claim.[12] Under the Whistleblower

---

[11] Plaintiff was previously warned: "If he chooses to bring a retaliation claim he must address: what was the protected activity, and who took the retaliatory action against him." Docket No. 60.

[12] If the WPA retaliation claim was a standalone claim (*i.e.*, not a mixed claim), then it must be brought through the Office of Special Counsel, then the MSPB, and subsequently appealed to the Federal Circuit. *See Ardalan v. McHugh*, 2014 WL 3846062, at *11 (N.D. Cal. Aug. 4, 2014)

16

Act, this Court lacks jurisdiction over appeals from adverse MSPB determinations . . . [involving] pure retaliation claims . . . ."). This Court only has jurisdiction over MSPB determinations involving mixed-case complaints.

### IV. CONCLUSION

All claims subject to this motion are **DISMISSED with prejudice**. The hostile-work environment claim arising from the five discrete acts in the 2014 EEO Claim is the subject of a related case, which this Court previously ordered consolidated after the resolution of this motion. But because this Court dismisses this action entirely, the consolidation order (Docket No. 96) is moot. The matters alleged in Case No. 19-cv-6600 EMC are not before the Court on the instant motion.

Although this case will be closed, the case management conference in Case No. 18-cv-7327 EMC remains scheduled for March 19, 2020 at 9:30 a.m., as it is for management purposes for Case No. 19-cv-6600-EMC. The parties *must* meet and confer to file by March 12, 2020 a *joint* case management statement regarding Case No. 18-cv-7327 EMC and related Case No. 19-cv-6600-EMC. Mr. Silveria is further encouraged to continuing contacting the Legal Help Center for legal advice, and is forewarned that the legal principles explained in this case will apply to Case No. 19-cv-6600 EMC.

This order disposes of Docket No. 84. The Clerk is instructed to enter Judgment and close the case.

**IT IS SO ORDERED**.

Dated: February 19, 2020

EDWARD M. CHEN
United States District Judge